WYOMING DEPARTMENT OF REVENUE, W. H. Sigler, Assistant Director of Motor Vehicle Division, Appellants (Defendants below),

v.

Larry WILSON and Loretta Wilson, a minor, by and through her father and guardian ad litem, Larry Wilson, Appellees (Plaintiffs below).

No. 3406.

Supreme Court of Wyoming.

March 26, 1965.

Rehearing Denied May 24, 1965.

See 401 P.2d 960.

John F. Raper, Atty. Gen., A. Fred Miller, Special Asst. Atty. Gen., Cheyenne, for appellants.

Jack Wolfe, Sheridan, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

We are presented here with the question as to whether a father, whose daughter uses one of his motor vehicles and is involved in an accident, may be subjected to the suspension of registrations on additional vehicles owned by the father and not involved in the accident, pending a showing of financial responsibility in compliance with Wyoming's Motor Vehicle Safety-Responsibility Act.

The facts are not in dispute. According to the stipulation of facts between the parties, Loretta Wilson, driving a 1949 Chevrolet pickup which belonged to her father, Larry J. Wilson, was involved in an accident with another automobile. Personal injuries and property damage of more than $100 resulted from the accident. Thereafter the superintendent who is charged with the enforcement of the safety-responsibility act suspended the driver's license of Loretta Wilson and all registrations of Larry Wilson. These registrations included the accident vehicle and two other motor vehicles owned by Larry Wilson and not involved in the accident.

Owner-Wilson brought an action in the district court in Sheridan County to restrain the Wyoming Department of Revenue and the superintendent of enforcement, who is W. H. Sigler, Assistant Director of the Motor Vehicle Division, from suspending the driver's license of Loretta Wilson and the motor-vehicle registrations of Larry Wilson. The court set aside the suspension of Wilson's registrations on vehicles not involved in the accident and enjoined defendants from suspending such registrations. Defendants have appealed from this judgment. Matters relating to the suspension of Loretta Wilson's driver's license and the registration of the vehicle involved in the accident are not before us.

Chapter 165, § 2, subd. A, S.L. of Wyoming 1961 (amending § 31–289, W.S.1957), provides:

"Within 60 days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death, or damage to the property of any one person in excess of $100.00, the superintendent shall suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident * * * unless such operator or owner or both shall deposit security in a sum which shall be sufficient in the judgment of the superintendent to satisfy any judgment or judgments for damages resulting from such accident which may be recovered against such operator or owner * * *."

The position taken by the district court was that § 31–289, subd. A, W.S.1957, as amended, is constitutional; but that by the provisions of such law the registrations of Wilson's vehicles which were not in the accident could not be suspended. If we agree with the district court's judgment, it will not be necessary for us to pass upon the question of constitutionality.

In determining the propriety of the superintendent's action, we note that the statute itself says registrations are to be suspended *unless* the owner shall deposit security in a sum which shall be sufficient in the judgment of the superintendent to satisfy any judgment which may be recovered against such owner.

Appellants lose sight of the fact that the superintendent in the case at bar seeks to compel the owner to deposit security sufficient to satisfy a possible judgment against another person—not any possible judgment against the owner himself. The security demanded was in the amount of $12,500.

■ Wyoming does not recognize the family-purpose doctrine. Sare v. Stetz, 67 Wyo. 55, 214 P.2d 486; Christensen v. McCann, 41 Wyo. 101, 282 P. 1061, 1063–1066. Also, we find nothing in the safety-responsibility act which in any way, under the circumstances present in this case, extends the liability of the parent for negligence of the driver. See Finch v. Canaday, 75 Wyo. 472, 297 P.2d 594, 600–601.

■■ Therefore, in the absence of special circumstances which would show an agency situation or negligence on the part of the owner, there can be no liability against the owner for an accident such as the one Loretta Wilson was involved in; and if the superintendent makes an honest and fair determination, he will so determine. There is nothing in the stipulated facts in the instant case which would indicate any special circumstances under which Wilson would be liable for the negligence, if any, of his daughter.

■ Administrative officers and boards will not be permitted to act in an arbitrary, capricious or fraudulent manner, and courts will restrain such administrative agencies from becoming despotic. J. Ray McDermott & Co., Inc., v. Hudson, Wyo., 348 P.2d 73, 75–76.

The stipulated facts in this case are such that there would be no legal basis for the superintendent to determine that a judgment of $12,500 might be obtained against Larry Wilson. Therefore, notwithstanding that the owner is required to deposit security which shall be sufficient "in the judgment

of the superintendent," the action of the superintendent is nevertheless arbitrary and voidable, because it has no legal basis as far as owner-Wilson is concerned.

Although our reasoning may be along somewhat different lines from that of the trial judge, we agree with his decision that registrations on Wilson's vehicles which were not involved in the accident may not be suspended pending a deposit of security to satisfy a possible judgment against his daughter.

Such a decision makes it unnecessary to consider or to pass upon the constitutionality of the Motor Vehicle Safety-Responsibility Act, or any part thereof, and we will not therefore do so. The judgment should be affirmed.

Affirmed.