**WYOMING DEPARTMENT OF REVENUE, W. H. Sigler, Assistant Director of Motor Vehicle Division, Appellants (Defendants below),**

v.

**Larry WILSON and Loretta Wilson, a minor, by and through her father and guardian ad litem, Larry Wilson, Appellees (Plaintiffs below).**

**No. 3406.**

Supreme Court of Wyoming.

May 24, 1965.

John F. Raper, Atty. Gen., A. Fred Miller, Special Asst. Atty. Gen., Cheyenne, for appellants.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The original opinion in this case affirmed a district court judgment which set aside the suspension of registrations on two motor vehicles not involved in an accident, the suspension being based upon the fact that the owner, Larry J. Wilson, owned a third vehicle which was involved in the accident while being driven by another person—his daughter. W. H. Sigler, assistant director of the motor vehicle division of the Wyoming Department of Revenue, is the superintendent charged with enforcement of Wyoming's safety-responsibility act. He has petitioned for a rehearing.

The superintendent erroneously assumes in his petition that we have held he must first determine whether or not there is any possible liability before he can suspend the registrations of "any owner" of a motor vehicle in any way involved in an accident. He also erroneously assumes we have held the suspension of registration was proper on the Wilson vehicle which was in the accident.

With respect to the vehicle owned by Wilson and involved in the accident, the superintendent made it clear in his appeal that he was not appealing from the portion of the judgment pertaining to it. In our opinion we stated matters relating to the registration of this vehicle were not before us.

We have not as yet passed upon the question of whether an owner of a motor vehicle involved in an accident may have

registrations on other vehicles owned by him suspended without there being a determination of liability. Wilson was a nondriver-owner, which of itself makes his case somewhat different from that of a driver-owner.

Our decision turned on the question of whether, after an administrative officer has made a judicial or quasi-judicial determination, an aggrieved party like Wilson can obtain relief in the courts, if the officer's action was found to be erroneous.

We said in that regard, administrative officers and boards will not be permitted to act in an arbitrary, capricious or fraudulent manner, and courts will restrain such administrative agencies from becoming despotic. We pointed out that the stipulated facts in this case are such that there would be no legal basis for the superintendent to determine that a judgment of $12,500 might be obtained against Larry Wilson.

Petitioner now challenges what we said about the stipulated facts. There is agreement, however, that the stipulated facts do not affirmatively show an agency relationship between Larry Wilson and his daughter, nor negligence on the part of Larry Wilson, nor any other fact which would make him liable for negligence, if any, on the part of his daughter.

The judgment entered by the trial court contained the following finding:

"2. THAT counsel for both parties involved herein have entered into a certain stipulation of facts which shall be considered the operative facts herein."

We consider this finding sufficient to exclude the possibility of circumstances which would render Larry Wilson liable for the accident of his daughter, because the facts stipulated are to be considered the "operative facts," and that surely means *all* of the pertinent facts. Appellant has not assigned the finding as error, and it is therefore conclusive.

In our original opinion, see 400 P.2d 144, 145, we said, in the absence of special circumstances which would show an agency situation or negligence on the part of the owner, there can be no liability against the owner for an accident such as Loretta Wilson was involved in; and if the superintendent makes an honest and fair determination, he will so determine.

The latter part of this statement may have been misunderstood. No doubt it has been construed by petitioner to mean he must determine whether there is liability on the part of an owner before he can suspend his registrations.

Actually, according to Ch. 165, § 2, subd. A, S.L. of Wyoming 1961, the superintendent is not called upon to make such a determination. He does, however, determine what security shall be sufficient "in the judgment of the superintendent" to satisfy any judgment which may be recovered against an owner; and this necessarily calls for the exercise of a discretion commensurate with the circumstances involved.

The field within which the discretion of an officer may be exercised unhampered by judicial review is limited, and courts may review the exercise of a discretionary power to see whether circumstances are disclosed which show a reasonable or unreasonable exercise of such discretion. Markowitz v. Moss, Sup.Ct., 29 N.Y.S.2d 709, 710; Murphy v. Grand County, 1 Utah 2d 412, 268 P.2d 677, 678; In re California Ave. Local Improvement Dist. No. 575, Everett, 30 Wash.2d 144, 190 P.2d 738, 740. See also 67 C.J.S. Officers § 105, p. 377.

Specific statutory provision for a district court review, such as was had in the case at bar, is contained in § 31–279, subd. B, W.S.1957. In this section the court is authorized to summarily hear the petition of an aggrieved person and to make any appropriate order or decree. Also, § 31–286, W.S.1957, affirmatively declares that nothing in the act shall be construed as preventing an aggrieved person from applying for

relief through other processes provided by law.

■ In Tavegia v. Bromley, 67 Wyo. 93, 214 P.2d 975, 984, this court has already held that a review on the merits by a district court is proper, in connection with the superintendent's action in suspending a plaintiff's license. As was pointed out in that case, however, a determination in such a review that the superintendent's action was unauthorized would not be binding on the driver of the other automobile involved in the collision, where he was not a party to the review proceedings.

We need not speculate as to what the results in this case would have been in the absence of authority for a district court review of the acts of the superintendent. Neither do we need to speculate as to what would have been the result if Larry Wilson had been driver of the accident vehicle. Although we have said there was no basis, under the agreed facts and findings, for the superintendent to assume there *might be* liability on the part of Larry Wilson; we have not said there would be no basis to assume he might be liable, if he had been the driver.

The review of the district court was authorized, and its judgment is not erroneous. Our decision as reported in 400 P.2d 144 will stand.

Rehearing denied.

Mr. Chief Justice PARKER, dissenting.

In essence the appellants in their motion for rehearing charge that the court in its initial opinion erred in two respects:

1. It made the propriety of the superintendent's suspension of motor vehicle registrations dependent upon the liability of the owner;

2. It placed the burden of proof upon the superintendent in the district court.

The first charge is without merit and the opinion on the rehearing specifically disclaims any holding by this court that the superintendent must first determine whether or not there is any possible liability before he can suspend the registrations of any owner of a motor vehicle in any way involved in an accident.

The second point is well taken. It is true that in Tavegia v. Bromley, 67 Wyo. 93, 214 P.2d 975, this court said a review on the merits by the district court was proper in connection with the superintendent's action in suspending Tavegia's license and registration. However, such review there related to the superintendent's compliance with the statutes, which required him to issue the suspension, and that case was decided upon the tacit admission of nonfulfillment of the requirements of the statutes by the filing of a demurrer, the determinative part of the decision being, 214 P.2d at 982:

"* * * [The statute] does not permit the Superintendent to act at all unless the accident 'resulted in bodily injury or death, or damage to the property of any person in excess of $50' * * *. One or the other of these facts should affirmatively appear by the receipt of a report to that effect as the statute points out. It does not appear here."

In the matter before us, even though Tavegia v. Bromley, supra, be utilized as authority for the district court to "review on the merits" a question broader than whether or not the superintendent had statutory authority for his action, it is well settled in this State that the party attacking the validity of an administrative action has the burden of proof on all issues in the proceeding for review. Application of Chicago & North Western Ry. Co., 79 Wyo. 343, 334 P.2d 519. Therefore, in the absence before the district court of an admission by the superintendent or proof by the owner of the accident vehicle that there could be no legal basis for the owner's being held liable, this court had no grounds for its holding in the original opinion.

The rehearing should be granted.