**E. C. SHEPARD, Superintendent, Wyoming Motor Vehicle Safety-Responsibility Act, Appellant (Defendant below),**

**v.**

**George W. TUCKER and Carolyn Tucker, Appellees (Plaintiffs below).**

**No. 3862.**

Supreme Court of Wyoming.

Jan. 5, 1971.

James E. Barrett, Atty. Gen., Robert J. Oberst, Sp. Asst. Atty. Gen., Cheyenne, for appellant.

John Burk, Casper, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

---

PER CURIAM.

A motor vehicle driven by George Tucker and owned jointly by him and his wife, Carolyn Tucker, was involved in an accident in which another vehicle was damaged and passengers of the other vehicle were injured, with one of them being killed.

E. C. Shepard, superintendent, Wyoming Motor Vehicle Safety-Responsibility Act, gave notice to Tucker that his driver's license was to be suspended unless he deposited security or proof of financial responsibility in the amount of $20,101 or releases of liability from the other persons involved in the accident. Also, notice was given that the motor vehicle registration of Tucker and his wife was to be suspended unless compliance was made with the requirement for proof of financial responsibility.

The Tuckers failed to make a showing of financial responsibility as required by the superintendent. Instead, they filed a petition for review in the district court of Natrona County, alleging that the sole proximate cause of the accident was the negligence of Jack D. Humphrey, driver of the other vehicle. Although the petition contained no claim or allegation that the superintendent, in performance of his statutory duties, acted unlawfully or arbitrarily or that he abused his discretion, this would not prevent relief being granted to petitioner if indeed such was the case. Rule 72.1(c), W.R.C.P.

The court denied a motion on behalf of defendant to dismiss the petition because it failed to state a claim against defendant upon which relief could be granted. Thereupon, the superintendent answered and renewed his defense that the petition failed to state a claim upon which relief could be granted.

The result of the hearing was that the court found Tucker not negligent; that the other parties to the accident were negligent; and that the superintendent therefore had no basis for determining that a judgment could be recovered against Tucker.

Judgment was entered vacating the order of the superintendent.

The superintendent has appealed, urging primarily that the issues of contributory negligence and liability are not properly triable. While this is literally true and as explained in Thornley v. Wyoming Highway Department (No. 3844), Wyo., 478 P.2d 600, 604, decided concurrently, the only issues properly before the superintendent and the reviewing court are "the sufficiency of the security and the culpability or lack thereof of a person involved in the accident." The superintendent's action in failing to perform his duty was arbitrary and an abuse of his discretion, constituting errors susceptible of review by the district court, which was justified in receiving additional material evidence under Rule 72.1(h), W.R.C.P., since this was a noncontested case. The fact that evidence additional to that which was requisite was adduced did not alter the result.

Affirmed.

McINTYRE, Chief Justice (dissenting).

I cannot agree that the one-sided hearing conducted by the trial court was a proper basis for its action in deciding that Tucker was free from negligence. The majority opinion states the fact that evidence additional to that which was requisite was adduced did not alter the result. I find it altered the result greatly.

We can think of the superintendent (the only defendant in this case) as the party in interest on the issue of whether he abused his discretion. He was definitely not the party in interest on the issue of culpability. The party in interest on that issue was Jack D. Humphrey, driver of the vehicle with which Tucker collided. Humphrey was not a party to the court's review.

Regarding the taking of additional evidence by the reviewing court, Rule 72.1 (h), W.R.C.P., must be followed. When the case is a contested case, if the additional evidence is *material* and there is good reason for allowing it, the reviewing court is to order it to be taken "before the

agency." Of course the matter which was before the superintendent constituted a noncontested case, and with respect to such cases Rule 72.1(h) specifies additional "material" evidence may be presented to the court.

The provision, however, must be read in *pari materia* with subdivision (i) of Rule 72.1. It states in so many words the review shall be "confined" to the record as supplemented pursuant to subdivision (h) and to the issues raised before the agency. In this instance, there was no effort to supplement the agency's record. More important, subdivision (i) expressly limits the court's review to a determination of matters specified in § 14(c), Wyoming Administrative Procedure Act. Such matters as culpability are definitely not included in this limitation.

The matters specified in § 14(c), insofar as applicable to this case, are generally: action in excess of powers; action procured by fraud; action not in conformity with law; and action which is arbitrary, capricious or characterized by abuse of discretion. Thus, when subdivision (h) and subdivision (i) of Rule 72.1 are read in pari materia, the conclusion is inescapable that nothing was *material* to the court's review except for those matters enumerated in § 14(c). The issue of culpability was not one of those matters.

The majority opinion states the petition for review contained no claim or allegation that the superintendent, in performance of his statutory duties, acted unlawfully or arbitrarily or that he abused his discretion. The opinion, nevertheless, purports to find the superintendent's action was arbitrary and an abuse of discretion. If the reviewing court so found, and if that matter was in issue, without being alleged and despite the superintendent's motion to dismiss for lack of sufficient allegations, then and in that event the reviewing court should have remanded the matter to the agency for appropriate action.

Section 31–289, subd. A, W.S.1957, C. 1967, requires the *superintendent* to fix the amount of security which is to be deposited by an uninsured motorist who has had an accident. Such deposit is to be sufficient "in the judgment of the superintendent" to satisfy possible judgments against the licensee. I fail to see how the reviewing court can substitute its judgment for the judgment of the superintendent in the performance of this statutory function—and especially when only one side of the matter has been heard.

This is an added reason for saying the matter should have been remanded to the agency for appropriate action, if the reviewing court correctly found the superintendent arbitrary. In Thornley v. Wyoming Highway Department (Case No. 3844) Wyo., 478 P.2d 600, which is being decided concurrently with this case, we are remanding to the district court. Although that court is not specifically instructed, I am sure it will see the need for returning the matter to the superintendent for appropriate action according to the opinions in that case and in this case.

It is clear in my mind that the reviewing court in this case should not have passed upon the matter of culpability. And I am not without authority for this view.

The supreme court of Kansas recently dealt with a case similar to the one before us, in Agee v. Kansas Highway Commission Motor Vehicle Department, 198 Kan. 173, 422 P.2d 949, 952–955. That court held the suspension of licenses proper notwithstanding the fact that the driver may have been without fault and that the order of suspension would work a hardship on the driver. The court went on to say the financial responsibility act was not designed to provide a forum for litigants to test their respective liabilities in actions for damages.

The supreme court of Washington, in LaPoint v. Richards, 66 Wash.2d 585, 403 P.2d 889, 893, said of the financial responsibility act in that state that it is directly intended for the benefit of owners and drivers of motor vehicles, being designed to give monetary protection to that ever-

changing and tragically large group of persons who, while lawfully using highways themselves, suffer serious injury through the negligent use of those highways by others.

It is quite apparent the Motor Vehicle Safety-Responsibility Act of Wyoming has a similar purpose. Therefore, persons who do not carry insurance against liability cannot complain if they are required, in case of an accident like the one here involved, to show financial responsibility or suffer suspension of their license to drive and of their motor vehicle registration.

In Wyoming Department of Revenue v. Wilson, Wyo., 400 P.2d 144, 145–146, we held—in the absence of special circumstances which would show an agency situation or negligence on the part of an owner —there could be no liability on the part of an owner for an automobile accident involving his automobile while being driven by his child. We agreed with the trial court that registrations on Wilson's vehicles which were not involved in the accident could not be suspended pending a deposit of security to satisfy a possible judgment against his daughter.

It is quite a different thing for a court, on review, to try the question of a driver's negligence and to set aside the suspension of his license to drive and his own motor vehicle registration. Indeed, on petition for rehearing, in the *Wilson* case, at 401 P.2d 960, 962, we said the superintendent is not called upon to determine whether there is liability on the part of an owner before the superintendent can suspend his registrations.

We pointed out, in the opinion on rehearing in *Wilson,* that the superintendent does determine what security shall be sufficient "in the judgment of the superintendent" to satisfy any judgment which may be recovered against an owner; and this necessarily calls for the exercise of a discretion commensurate with the circumstances involved.

No judgment could be recovered against the *owner* in the *Wilson* case because the owner was not driving and was not involved in an accident. In Tucker's case, he was driving and was involved in an accident, and it is possible for a judgment to be obtained against him.

The trial court, in my opinion, should not have vacated the superintendent's order. Such vacation ought to be set aside and it should be left to the superintendent to determine the matter of culpability.