Henry ROLFES, City Manager, C. H. Chris-
terson, Fire Chief, Gary Epperson, City
Treasurer and City Clerk of Casper, Mil-
ton Coffman, Jr., Mayor of the City of
Casper, and the City of Casper, Appellants
(Defendants below),*

v.

STATE of Wyoming, ex rel. Robert W.
BURT, Appellee (Plaintiff below).

No. 3808.

Supreme Court of Wyoming.

Jan. 29, 1970.

Jack D. Emery, Casper, for appellants.

Raymond B. Whitaker, Casper, for ap-
pellee.

Before GRAY, C. J., and McINTYRE,
PARKER, and McEWAN, JJ.

PER CURIAM.

This controversy began on June 28, 1967,
when the Casper City Manager and the
Fire Chief directed a letter, which on that
day had been acknowledged and filed by
the Civil Service Commission, to Robert
W. Burt (a fire-service employee), enti-
tled, "Re: Specifications, Notice and Or-
der of Discharge," and stating, inter alia:

"You are discharged for the good of the
efficiency of the service and for improp-
er use of sick leave privileges on June
17, 1967, contrary to the provisions of
Ordinance 1327–A."

Thereafter appellee presented an "An-
swer," without a specific demand for hear-
ing, subscribed and sworn to July 15, 1967.
On August 26 the commission wrote appel-
lee, advising him it could not investigate a
discharge unless there was compliance with
its Rule 10(a), which limited the time of
response to ten days. On September 7,
1967, appellee filed a "Notice of Appeal"
in the district court, showing the parties to
the suit as "CITY OF CASPER, Petition-
er, -vs- ROBERT W. BURT, Respondent."
The matter lay almost dormant until July
26, 1968, when appellee in the same cause,

---

* The parties are shown as listed in the
judgment, notwithstanding the omission
there of the Civil Service Commission of
the City of Casper, which had been
made a party defendant.

---

with added parties,[1] filed a petition for writ of mandamus, praying reinstatement, back pay, and future pay until he should be properly terminated. Subsequently, upon appellee's motion the Civil Service Commission was joined as a party defendant. The cause slowly progressed until on June 4, 1969, order was issued in which the court found that appellee as a matter of law could not be terminated or discharged from his employment without a hearing before the Civil Service Commission, that he had been unlawfully denied such a hearing after proper demand, that the wages due to him were $13,050, and ordered that the City reinstate him in his position with all the emoluments, pay the sum found to be due, and continue to pay him until he was properly terminated.

Appellants here contend that (1) the commission is not required to comply with the provisions of the Wyoming Administrative Procedure Act, §§ 9–276.19—9.276.-33, W.S.1957 (1969 Cumulative Supp.),[2] and appellee did not meet his burden of going forward after the initiation of discharge proceedings under § 15.1–293(b), W.S.1957, C.1965; (2) the attempted appeal was untimely because appellee failed to comply with the time requirements of § 15.1–294, W.S.1957, C.1965; and (3) appellee cannot be awarded relief since he pursued an erroneous procedure.

From an analysis of the record, it is apparent that at the beginning of the controversy neither appellee nor appellants were aware of the Act's applicability although it had become effective January 1, 1966, some eighteen months previous. This inevitably led to grievous delay and errors.

■ Appellants' contention that the commission is not required to comply with the Act is without merit, this court having held specifically not only that all agencies are within the Act but also that they must file their rules with the Secretary of State. Admittedly the commission's rules had not been so filed; thus, they were ineffective; and if appellee's original "Answer" can be construed liberally as a demand for hearing, it would follow that the trial court was justified in finding he had been unlawfully denied hearing. Similarly, appellants' argument that the filing in the district court was untimely is without basis since Rule 72.1(d), W.R.C.P., supersedes § 15.1–294, the allowable time for filing a "petition for review" being thirty days.

■ Section 9–276.32 provides that, subject to the requirement for exhaustion of administrative remedies, any person aggrieved or adversely affected in fact by a final decision of an agency is entitled to judicial review, the procedure to be followed before the district court to be in accordance with rules adopted by this court. Assuming that the trial court was correct in finding appellee had made a proper demand for hearing, it is our view that when the commission on August 26, 1967, indicated it could not investigate his discharge, he had exhausted his administrative remedies and had been adversely affected by the final decision of the commission. Had appellee at that time followed Rule 72.1(c), W.R.C.P., he would then have instituted his proceedings before the district court by filing a petition for review. The rules do not set forth what such a petition should contain, but certainly minimal would be a statement from which the court could be reasonably informed as to the nature of the error charged, i. e., the request and the reasons therefor. We have heretofore indicated that appellee did not purport to comply with our rules and merely filed an appeal "from the decision of August 26, 1967." Nevertheless, Rule 72.1(c) provides "appeals from administrative agencies" shall be governed by that rule and, not-

---

1. The parties were listed: "STATE OF WYOMING, ex rel. ROBERT W. BURT, Plaintiff, -vs- HENRY ROLFES, City Manager, C. H. CHRISTERSON, Fire Chief, MILTON COFFMAN, JR., Mayor of the City of Casper, GARY E. EPPERSON, City Treasurer and City Clerk of Casper, and THE CITY OF CASPER, Defendants."

2. The Wyoming Administrative Procedure Act is referred to hereinafter as the Act.

withstanding the desirability of filing a meaningful "petition for review," a reasonable interpretation allows recognition of appellee's filing in the instant case. Although this rule provides for the availability of mandamus action under the petition for review or by independent action, it furnishes no basis for application of such a remedy unless it be germane to the proceedings in the administrative agency. In this litigation the right of appeal, despite appellee's captioning, was from the decision of the commission, not that of the city. The only relief which that agency could have granted to appellee, and which the court accordingly could determine, correct, or enforce, was that relating to the completeness, effect, or propriety of appellee's discharge. Since the order of June 4, 1969, exceeded the court's authority, it must be reversed; and the cause is remanded with instructions that the trial court direct the requisite hearing to be held by the commission.

Reversed and remanded with instructions.