Dale I. MONAHAN, Appellant
(Appellant below),

v.

The BOARD OF TRUSTEES OF ELE-
MENTARY SCHOOL DISTRICT NO. 9, In
the COUNTY OF FREMONT, State of
Wyoming, Appellee (Appellee below).

No. 3882.

Supreme Court of Wyoming.

July 2, 1971.

Rehearing Denied Aug. 19, 1971.

Charles E. Graves, and Graves & Smyth, Cheyenne, for appellant.

W. J. Nicholas and Ralph Thomas, Lander, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Chief Justice McINTYRE, delivered the opinion of the Court.

The teaching contract of Dale I. Monahan, a continuing contract teacher in School District No. 9, Fremont County, Wyoming, was terminated by the Board of Trustees of such school district. According to Section 21.1–152(b), W.S.1957, 1969 Cum.Supp.

(part of the Wyoming Teacher Employment Law), a continuing contract teacher is: (i) Any initial contract teacher who has been employed by the same school district in the State of Wyoming for a period of three consecutive school years, including the time before and after passage of the act, and has had his contract renewed for a fourth consecutive school year; or (ii) A teacher who, either before or after passage of the act has achieved continuing contract status in one district, and who has taught two consecutive school years and has had his contract renewed for a third consecutive school year by the employing school district.

The teacher, claiming to have tenure and claiming that he had not been given a fair and impartial hearing, appealed to the district court for review of the Board's action. The district court upheld the action of the school district board and the matter is now before us on the further appeal of Monahan.

It is clear from the record and from argument before us that counsel for the school district trustees, throughout all proceedings and still on appeal, have been committed to the proposition that a continuing contract teacher does not have tenure under Wyoming law. The Board accepted and followed this theory, and the decision of the district court appears to be largely predicated on substantially the same theory.

Our past history has been such that it is difficult for some of us to accept legislation which, in school affairs, eliminates the principle that a school board as employer can hire and discharge teachers as it sees fit. Some seek to justify old concepts by saying a court should not substitute its judgment for that of the school board.

If meaning is to be given to the Wyoming Teachers Employment Act, however, we must accept decisions of the legislature and see that its enactments are carried out. Insofar as there are those who then remain in disagreement, we can only say their remedy is with the legislature and not with the courts.

■ Our interpretation of the Wyoming Teachers Employment Act is that it does give tenure to a continuing contract teacher. Insofar as the school board and its attorneys and the district court have held otherwise, they will have to be reversed. Of course there will be the question as to whether Monahan's hearing was proper and sufficient regardless of the tenure question. We will deal with that after we have first explained our holding that Monahan did have tenure.

### About Tenure

Section 21.1–154, W.S.1957, 1969 Cum. Supp., provides:

"A continuing contract teacher shall be employed by each school district on a continuing basis from year to year without annual contract renewal at a salary determined by the board of trustees of each district, said salary subject to increases from time to time as provided for in the salary provisions adopted by the board."

It is pointed out, and parties agree, there is a distinction between "dismissal" and "termination." Subsection (c) of § 21.1–152, W.S.1957, 1969 Cum.Supp., defines dismissal, in the case of a continuing contract teacher, as cancellation of his contract at any time other than at the end of a school year where proper notice has been given. Subsection (h) of this section defines termination as the failure of the board to re-employ a teacher at the end of a school year in any given year.

Regarding dismissal of a teacher, § 21.1–160, W.S.1957, 1969 Cum.Supp., specifies that a board may suspend or dismiss any teacher for incompetency, neglect of duty, immorality, insubordination, or any other good or just cause. The section then sets out specific provisions, in a dismissal case, for notice, the necessity for a hearing, conduct of the hearing, rights of the teacher, and decision of the board.

The basis for the claim that a continuing contract teacher does not have tenure is that the legislature clearly distinguished in its definitions between "dismissal" and "ter-

mination." Then, in § 21.1–160 it set out the grounds for dismissal. It did not, however, spell out any grounds for termination. Appellee reasons from this that there need not be grounds or cause for termination, and that the board can terminate at will without regard to grounds.

We cannot accept this naive theory. Administrative officers and boards will not be permitted to act in an arbitrary, capricious or fraudulent manner, and courts will restrain such administrative agencies from becoming despotic. J. Ray McDermott & Co., Inc. v. Hudson, Wyo., 348 P.2d 73, 75–76; Wyoming Department of Revenue v. Wilson, Wyo., 400 P.2d 144, 145, reh. den. 401 P.2d 960; Marathon Oil Co. v. Pan Am. Petroleum Corp., Wyo., 473 P.2d 575, 577.

■ On review of an agency action, the duty of the court is to ascertain whether findings of fact are supported by substantial evidence. Pan Am. Petroleum Corp. v. Wyoming Oil and Gas Conservation Commission, Wyo., 446 P.2d 550, 555. See also §§ 9–276.28 and 9–276.32(c), W.S.1957, 1969 Cum.Supp.

■ The rule is well established in our state that action of a board will be considered arbitrary when taken without the board having before it sufficient information upon which to make a proper decision. See Clear Creek Cattle Co. v. Davis, Wyo., 384 P.2d 719, 720; and School District No. 9, Fremont County v. District Boundary Board in and for Fremont County, Wyo., 351 P.2d 106, 113. As far as hearings under the Administrative Procedure Act are concerned, § 9–276.32(c) makes it clear a court's review includes a determination of whether the findings of fact in issue in a contested case are supported by substantial evidence.

■ It becomes clear then, from what we have said, that a hearing on termination of a continuing contract teacher involves the question of whether there is good cause for termination. There must not only be good cause but there must be substantial evidence before the board to show that there is good cause. Absent either, a decision on the part of the board to terminate will be arbitrary.

*Monahan's Hearing*

■ The superintendent of schools, W. R. Skelton, made it clear in his testimony that a meeting of the school board was held March 6, 1969 and that it was apparent Monahan would not be offered a contract. He told the board he would so inform Monahan and this he did. Then, according to the superintendent, at a meeting on March 13, the board voted to terminate Monahan; and on March 15 Skelton handed Monahan a "Notice of Termination."

On March 19, 1969, Monahan, through his attorney, requested a hearing. Although such a hearing was conducted April 10, 1969, it is clear from the record as a whole, from the statement of counsel at the hearing, and even from the admission of appellee's attorney in oral argument to us that Monahan did not have a bona fide hearing to determine whether there was just cause for his termination. Instead, the hearing was nothing more than an exercise engaged in for the sole purpose of making a record which could make legal and justifiable the decision which the board had already made prior to the hearing.

In oral argument before us, counsel for appellee explained that he and a former attorney for the school board, W. J. Nicholas, had proceeded with the hearing only because they might not be sustained on their theory that Monahan did not have tenure. He argued (arguendo) that even if Monahan is held to have tenure, he nevertheless had a fair and impartial hearing and there was substantial evidence to justify the termination.

The real and sole purpose of the hearing was made even more clear by a statement of Mr. Nicholas, at the time of the hearing. We can assume he was speaking for the board when he stated:

"I am sure that your feelings that you just expressed in the last remarks are 100% the feelings of myself, of the en-

tire board, and nobody deplores the statute the way it is and the fact that we are required to conduct a proceeding under this particular statute in this particular fashion any more than I do, any more than the board does. But this is the way the statute says it must be done and if it isn't done this way any action the board takes cannot be sustained. We just don't have any alternative. This was set up by the Legislature in 1965, and I know from personal experience there have been several attempts to change this procedure. I personally participated in an attempt to change it in this last Legislature, and we couldn't get it changed. We are just hung by this statute and we have to live by it. I agree I think it is unfair and I don't think it is conducive to coming to justice. But it is the law."

If Mr. Nicholas and his former client, the school board, could not bring themselves to an acceptance of what a majority in the legislature had done, they could as individuals hold to their personal views. However, as public officials, they were bound to abide by the provisions of the Wyoming Teachers Employment Act and of the Wyoming Administrative Procedure Act.

The record discloses that the school board designated its attorney, Mr. Nicholas, to act as presiding officer at the hearing of Mr. Monahan's case. Among other things, it is claimed on behalf of Monahan that he did not have a fair hearing because Nicholas drew up and executed the statement of reasons for termination; acted as prosecutor; acted as the hearing officer; ruled on objections; argued with opposing counsel on opposing counsel's objections; interrogated witnesses; made objections and then made rulings on his own objections; sat with the Board when they made their final decision; made public statements to the patrons in the audience as to the reasons why it was necessary to have the hearing at all; and cross-examined witnesses in behalf of the School Board.

We think the record shows at least some merit in Monahan's complaint about hearing procedures and the manner in which it was conducted by Nicholas. Instead of pointing to specific instances, we deem it sufficient to set out what the trial court had to say about this matter. Its statement was this:

"The Court agrees that a clumsy and irregular procedure was followed by the Board's use of its attorney not only as its presiding officer but also to interrogate witnesses. This put him in the odd position of having to rule on objections to his own questions. The Administrative Procedure Act has adopted many of the techniques of Court procedures. It is not considered good judicial practice for the Court to take over from counsel, the examination of witnesses. An occasional question may be in order. Even in cases where a party insists on appearing pro se the Court cannot take on the burden of that party to establish his own case. It would have been much more orderly to engage someone else to conduct the examination of the Board's witnesses and would have saved this criticizm [sic] being raised."

### Failure To File Rules

■ The trial court having recognized that a clumsy and irregular procedure was followed and that it is not good judicial practice for one presiding to take over the examination of witnesses, it should have given more serious consideration to the timely objection made on behalf of Monahan that the school district had failed to adopt rules of practice and to file them as required by §§ 9–276.20 and 9–276.22, W.S. 1957, 1969 Cum.Supp., of the Administrative Procedure Act. Objection was made that the teacher could not properly defend the charges against him without knowing what the rules of procedure would be.

We cannot be critical of the district court for not considering the absence of rules of procedure fatal, in view of previous decisions of our court. The circumstances in this case are different, however, from those involved in previous decisions pertaining

to the same subject. We cannot, in this case, excuse the school district for its noncompliance with §§ 9–276.20 and 9–276.22.

We pointed out in Jergeson v. Board of Trustees of School District No. 7, Wyo., 476 P.2d 481, 483–484, that this court has frequently called attention to the statutory requirement to adopt rules and regulations [1] and stated it is most unfortunate that various agencies had neglected so to do. We even mentioned that situations could exist where failure to adopt rules of procedure would be sufficiently prejudicial to require setting aside of agency action and said, "if such a predicament is to be avoided, all agencies should immediately adopt rules as the statute contemplates."

For one reason or another, in previous cases, we have found the failure to comply with §§ 9–276.20 and 9–276.22 not shown to be prejudicial or fatal. In the *Jergeson* case, for example, we considered that a procedure was detailed by statute. The *Jergeson* case, however, involved a "dismissal" and not a "termination." We have previously mentioned that § 21.1–160 sets out specific provisions, in a dismissal case, as to procedure. There is no comparable procedure statute for a termination case.

The district court sought to extend what we partially relied on in *Jergeson* by saying an adequate procedure was prescribed in the Administrative Procedure Act. Of course, if the legislature had considered that to be true, it would not have provided in the act for the adoption and filing of rules of procedure.

In *Jergeson* we said it is conceivable that, upon a showing of an agency's failure to adopt rules, the agency would be required to assume the burden of showing an appellant not to have been prejudiced. In view of the questionable and irregular procedures in this case, and in the absence of authority for excusing the agency's failure, we must hold the burden was indeed on the

agency to show appellant was not prejudiced.

The school board failed to meet this burden and the district court should have set aside the board's action. Let us make it clear we do not decide whether there was good cause for terminating Monahan's employment. We hold only that he did not have a fair and impartial hearing.

The district court needs to set aside the action of the board. When that is done, there will still be the question of what further relief, if any, ought to be granted. This determination should be left in the first instance to the district court.

Remanded for further proceedings consistent with this opinion.

PARKER, Justice (dissenting in part).

Although it is true that this court has frequently called attention to the statutory requirement for adopting rules of practice and has criticized various agencies' noncompliance with such legislation, the attorney for the school board in the instant case supplied to appellant the essential data so that he was able to prepare for the hearing. Moreover, appellant's counsel, as far as I can glean from the record, at no time prior to the hearing asked for additional information as to procedure, and it was clear he was well versed in administrative matters. Under these circumstances, I do not think a reversal is warranted on the ground of noncompliance with § 9–276.20, W.S. 1957 (1969 Cum.Supp.). However, considering that (1) the presiding officer at the hearing acted as chief interrogator and (2) while the charges against appellant were diverse the board's decision in essence was rendered because of one isolated instance of what could be termed insubordination, I am not averse to the remanding of the cause. Even so, the nebulous instructions as to future disposition will I fear proliferate the controversy rather than resolve it.

1. Rolfes v. State ex rel. Burt, Wyo., 464 P.2d 531, 532; Scarlett v. Town Council, Town of Jackson, Teton County, Wyo., 463 P.2d 26, 27–28; Glenn v. Board of County Commissioners, Sheridan County, Wyo., 440 P.2d 1, 3.