**WESTATES CONSTRUCTION CO., a Wyoming corporation, Appellant (Petitioner),**

v.

**SHERIDAN COUNTY SCHOOL DISTRICT NO. 2, BOARD OF TRUSTEES, Appellee (Respondent).**

No. 85–141.

Supreme Court of Wyoming.

May 30, 1986.

John R. Vincent, Hettinger & Leedy, P.C., Riverton, for appellant.

Fred R. Dollison, Badley & Rasmussen, P.C., Sheridan, for appellee.

Before THOMAS, C.J., and ROONEY *, BROWN, CARDINE and URBIGKIT, JJ.

* Retired November 30, 1985.

THOMAS, Chief Justice.

The primary question addressed in this appeal is whether the presence of counsel for the Sheridan County School District No. 2, Board of Trustees (Board), at a deliberative session in which the responsibility of Westates Construction Co. (Westates) to be considered as the bidder on a proposed contract for school construction was determined requires reversal of the decision of the Board pursuant to the Wyoming Administrative Procedure Act, specifically § 16–3–111, W.S.1977, as amended, or the concepts of due process of law. In addition Westates raises questions as to whether the decision of the Board is arbitrary, capricious, and an abuse of discretion because it was without the support of substantial evidence and is not otherwise in accordance with law and whether the Board's decision is arbitrary, capricious and violative of Westates' due process rights because it is not supported by adequate findings of fact. Westates appealed the Board's decision to the district court, and that decision was affirmed. In our judgment there was no reversible error in connection with the proceedings before the Board, and we affirm the judgment of the district court.

In Westates' brief as the appellant in this court three questions are stated which Westates argues should be answered affirmatively with the result that the decision of the Board would be reversed. They are stated in this way:

"A. DOES THE PRESENCE OF RESPONDENT'S COUNSEL IN THE SECRET, EXECUTIVE, DELIBERATIVE SESSION OF THE BOARD VIOLATE THE APPEARANCE OF JUSTICE AND FAIR PLAY REQUIRED BY DUE PROCESS OF LAW, THE WYOMING ADMINISTRATIVE PROCEDURE ACT, AND SECTION 16–3–111, W.S., 1977, AS AMENDED?

"B. IS THE BOARD'S DECISION ARBITRARY, CAPRICIOUS, AND AN ABUSE OF DISCRETION AS IT IS WITHOUT THE SUPPORT OF SUBSTANTIAL EVIDENCE OR OTHER- WISE NOT IN ACCORDANCE WITH LAW?

"C. IS THE BOARD'S DECISION ARBITRARY AND CAPRICIOUS AND VIOLATIVE OF PETITIONER'S DUE PROCESS RIGHTS BECAUSE IT IS NOT SUPPORTED BY ADEQUATE FINDINGS OF FACT?"

The Board as appellee in this court presents this statement of its position with respect to the questions raised:

"I. THE PRESENCE OF COUNSEL WITH THE BOARD OF TRUSTEES WHILE IT DELIBERATED THE QUESTION OF APPELLANT'S 'RESPONSIBILITY' DID NOT PREJUDICE THE APPELLANT AND DID NOT VIOLATE APPELLANT'S RIGHTS TO DUE PROCESS.

"II. THE BOARD'S DECISION THAT APPELLANT WAS NOT A RESPONSIBLE BIDDER PURSUANT TO WYO. STAT. § 16–6–102 IS AMPLY SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS, THEREFORE, NOT ARBITRARY, CAPRICIOUS, OR AN ABUSE OF DISCRETION.

"III. THE FINDINGS OF FACT ARE ADEQUATE AND ARE SUFFICIENTLY DEFINITE TO AFFORD THE REVIEWING COURT AN OPPORTUNITY TO DETERMINE WHETHER THEY ARE SUPPORTED BY SUBSTANTIAL EVIDENCE."

The background against which this dispute arose includes this information with respect to Westates. It is a Wyoming corporation which does business in Sheridan. It has participated in the construction of a number of public works projects in the state of Wyoming. These include the Hog Park Dam and Reservoir Enlargement, the Laramie Wastewater Treatment Facility, the Hot Springs County Counseling Center, the Northwest Community College dormitory project, the Douglas Middle School, the Natrona County Junior High School, the Basin Wastewater Treatment Plant Improvements, and the Weston County Memorial Hospital. Westates submitted a bidder's pre-qualification statement in re-

sponse to a call for bids published by Sheridan County School District No. 2 for the construction of an elementary school. The function of the pre-qualification statement is to demonstrate whether a contractor has the technical ability and financial resources to perform the proposed contract. On the basis of the pre-qualification statement Westates' submission of a bid on the contract for the construction of the proposed elementary school was approved by the Board and its architects, and Westates did submit a bid.

The bids for the proposed elementary school were opened at a special meeting of the Board held in September, 1984. Westates was the apparent low bidder, but at a regular board meeting on October 3, 1984, the Board indicated that the contract would be awarded to a different construction company. Westates protested this action on the ground that it was entitled to be awarded the contract as the lowest responsible bidder. Members of the Board then evidenced concern as to whether Westates in fact was a responsible bidder and could complete the project in a satisfactory manner. These concerns were attributable to the experience of the Board with Westates on a fire code remodeling project for the School District.

In response to Westates' protest and the concerns of the Board members, a public hearing was scheduled for October 10, 1984, to resolve the matter. At that hearing Westates produced a number of witnesses with the goal of demonstrating that, despite any disappointment over which the manner in which the fire code remodeling project was accomplished, Westates should be accepted as a responsible bidder. These witnesses included a number of representatives of owners for whom Westates had performed other construction work. The Board called other witnesses to testify that the work which Westates had done on the fire code remodeling project was not acceptable and that Westates was not a responsible bidder. These latter witnesses described defective workmanship and produced during their testimony photographic exhibits demonstrating unsatisfactory

work. In the course of the hearing it became apparent that the performance of the fire code remodeling project, whether the work was satisfactory, and, if not, the reasons for that were in issue. Westates produced evidence intended to establish that remodeling work is more difficult than new construction, that the completion date for the project was uncertain, and that errors in the architects' plan resulted in supply delays. All this was perceived to be necessary to show that the fire code remodeling project was an anomaly, and that otherwise Westates' reputation for performing satisfactory work on public works projects was unblemished.

After the public hearing the members of the Board went into executive session to deliberate. They requested their attorney to accompany them into the executive session to answer any legal questions that might arise. During that deliberative session both the attorney for the Board and the hearing officer were seated at the table with the members of the Board. Neither of these individuals participated in the discussion of the Board, and they had no voice in the vote which determined that Westates was not a responsible bidder, with only one member voting contrary to that determination. Depositions of the Board members demonstrate that the attorney did not comment on the evidence and that his presence had no impact on the decision. He was asked to record the findings of fact and conclusion of law which the Board enunciated in support of its position, but this request was made after the Board's decision was reached.

The Board then returned from the executive session about 2:45 A.M. on October 11, 1984. At that time the chairman read the findings of fact and conclusion of law which the Board's attorney had recorded. The formal decision of the Board is dated October 17, 1984, and it reads:

"FINDINGS OF FACT, CONCLUSION
OF LAW AND DECISION OF
THE BOARD

"FINDINGS OF FACT:

"1. It is the finding of the Board of Trustees that the quality and craftsmanship of the work done by Westates Construction on the fire code revision project was below industry standards.

"2. The craftsmanship involved in the installation of the doors and hardware, construction of the additional stairwell at Central School, the application of fire retardant paint, and the finish work on the fire code modification project was substandard.

"3. Westates Construction Company failed to adequately supervise the work on the fire code modification project.

"CONCLUSION OF LAW:

"Westates Construction Company is not a responsible bidder as contemplated in Wyoming Statutes § 16-6-102.

"DECISION OF THE BOARD:

"THEREFORE, the bid proposal of Westates Construction Company on the new elementary school is rejected."

Westates then filed its petition for review in the district court. The district court entered an initial order in which it found that the actions of the Board were not arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law; that the actions of the Board were not contrary to constitutional right, power, privilege or immunity; that the actions of the Board were not in excess of statutory jurisdiction, authority or limitations or lacking statutory right; and that the determination of the Board was supported by substantial evidence. The district court said, "During the sixteen years on the bench this Court has not seen a more clear basis for an action taken by a Board and but for the thoughts hereinafter expressed this Court would have no problem in affirming without reservation the Board's action." The court then expressed a concern that the attorney for the Board might have in some way participated in the Board's decision. For that reason the court held the matter in abeyance until a hearing could be held to determine the question of the participation of the attorney in the Board's decision. The hearing was held and a subsequent order entered. In that order the district court found that:

"3. Counsel for the Board was present with the Board during the Board's deliberations on this matter, that counsel for the Board did not participate in the deliberations and that counsel's presence did not influence the Board's deliberations or decisions.

"4. Counsel's presence with the Board during deliberations is not sufficient grounds to order a reversal or remand in this matter."

Based upon these findings the district court affirmed the action of the Board in all respects, and it is from that order that this appeal is taken.

Section 16-3-114(c)(ii), W.S.1977, furnishes the statutory authority for judicial review of agency action. The statute provides that a reviewing court shall:

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

\*       \*       \*       \*       \*       \*

"(E) Unsupported by substantial evidence \* \* \*."

Westates' claim that the Board's decision must be reversed because of the presence of its attorney at its deliberative session focuses on the provisions of § 16-3-111, W.S.1977, which define the process that is due to participants in agency decisions. In pertinent part, § 16-3-111, W.S.1977, states:

"\* \* \* [M]embers of the agency \* \* \* shall not \* \* \* consult with any person other than an agency member, officer, contract consultant or employee or other state or federal employee, any party other than the agency or with any \* \* \* employee \* \* \* who was engaged in the investigation, preparation, presentation or prosecution of this case \* \* \*. No \* \* \* employee \* \* \* who has partici-

pated in the investigation, preparation, presentation or prosecution of a contested case shall * * * participate or advise in the decision, recommended decision or agency review of the decision, or be consulted therewith except as witness or counsel in public proceedings. A staff member is not disqualified from participating or advising in the decision * * * because he has participated in the presentation of the case in the event the staff member does not assert or have an adversary position."

This statutory provision clearly prohibits one such as the attorney for Board in this case from participating or advising in a decision of the agency.

██ In *Ririe v. Board of Trustees of School District No. 1, Crook County,* Wyo., 674 P.2d 214, 223 (1983), this court said:

"While there exists 'a presumption of honesty and integrity in those serving as adjudicators,' *Withrow v. Larkin,* supra [421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)] 421 U.S. at 47, 95 S.Ct. at 1464, this presumption may be overcome by evidence to the contrary."

In this case, however, the evidence presented by Westates is not contrary to that presumption, and instead the evidence actually strengthens the conclusion that the Board did nothing improper during the deliberative session at which its attorney, who had presented the case, was present. The depositions of all members of the Board demonstrate that the attorney not only did not participate or advise, but that his presence did not influence the decisions of the individual members. This evidence does not rebut the presumption set forth in *Ririe v. Board of Trustees of School District No. 1, Crook County,* supra.

In *Monahan v. Board of Trustees of Elementary School District No. 9, Fremont County,* Wyo., 486 P.2d 235 (1971), the court considered a situation in which the attorney for the school board served as the hearing officer and the prosecutor, and in which he not only sat with the board at its deliberative session but also drafted the

conclusions for the board with the reasons for those conclusions. We approved the district court's characterization of the Board's attorney acting as both hearing officer and prosecutor as "clumsy and irregular," *Monahan v. Board of Trustees of Elementary School District No. 9, Fremont County,* supra, 486 P.2d at 238. In this case, however, the attorney for the Board did not act as the hearing officer, and he did not assume any active role during the deliberative session. The case is not only factually distinguishable from *Monahan v. Board of Trustees of Elementary School District No. 9, Fremont County,* supra, but it is legally distinguishable from that case. It cannot be controlled by the holding in Monahan that the teacher was denied a fair hearing because that holding was premised upon the attorney for the board acting both as the prosecutor and the hearing officer, and also because the school board in that case had not adopted any rules of procedure to govern such case. We emphasize, however, that the practice of including an attorney who has presented the case in the deliberative session of an administrative agency when its decision is reached is likely to raise questions of propriety. Those questions easily can be avoided by eschewing the practice of including the attorney in the deliberative session. Even so, we must conclude in this case that the presence of the attorney in the deliberative session did not violate the provisions of § 16–3–111, W.S.1977, and further it did not deny Westates any due process right.

In its third claim of error Westates attacks the sufficiency of the Board's findings of fact. The requirement that the final decision in a contested case "shall include findings of fact and conclusions of law separately stated" and that "[f]indings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings * * *" is found in § 16–3–110, W.S.1977. In addressing the statutory requirements this court continually has emphasized the duty of the agen-

cy to make findings of basic facts in order to facilitate judicial review. *Mountain Fuel Supply Company v. Public Service Commission of Wyoming*, Wyo., 662 P.2d 878 (1983); *First National Bank of Worland v. Financial Institutions Board*, Wyo., 616 P.2d 787 (1980); *Powell v. Board of Trustees of Crook County School District No. 1, Crook County*, Wyo., 550 P.2d 1112 (1976); *Geraud v. Schrader*, Wyo., 531 P.2d 872, *cert. denied sub nom, Wind River Indian Education Association, Inc. v. Ward*, 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975); *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission*, Wyo., 446 P.2d 550 (1968). We have emphatically stated our disapproval of findings which were simply statements of ultimate facts or the conclusions of the agency. *Shenefield v. Sheridan County School District No. 1*, Wyo., 544 P.2d 870 (1976), citing *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission*, supra.

In construing the statutory requirements this court has had occasion to distinguish basic facts from ultimate facts. In *First National Bank of Worland v. Financial Institutions Board*, supra, 616 P.2d at 795, we identified the size of a town, the nature of business activity, and a projected increase in sales tax as basic facts. On the other hand, findings that the evidence did not demonstrate waste and that the evidence did not establish cause are ultimate facts. *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission*, supra. In *Powell v. Board of Trustees of Crook County School District No. 1, Crook County*, supra, 550 P.2d at 1119–1120, we addressed a finding that "the contestant has been unable to control the conduct of his students," and we said, "This is a conclusion and not a finding!"

■ In this case the Board found that (1) "the quality and craftsmanship of the work done by Westates Construction on the fire code revision project was below industry standards;" (2) "the craftsmanship involved in the installation of the doors and hardware, construction of the additional stairwell at Central School, the application of the fire retardant paint, and the finish work on the fire code modification project was substandard;" and (3) "Westates failed to adequately supervise the work on the fire code modification project." Arguably the first and third findings relate to ultimate facts, but the second finding contains basic facts from which the ultimate facts could be drawn. The second finding refers to four specific aspects of the earlier project which the Board found to be unsatisfactory. It is not necessary that the Board further characterize the nature of the work found to be unsatisfactory. While perhaps not a model of perfection, the findings of fact by the Board in this case are sufficiently definite to permit judicial review of the Board's action, and they satisfy the test of our earlier cases.

■ In its second claim of error Westates argues that the decision of the Board must be set aside because it is not supported by substantial evidence. The substance of the Board's decision was that Westates was not a responsible bidder and that it was justified in rejecting its bid for the contract for the new school. Section 16–6–102, W.S.1977, encompasses the requirement that the contract be let to a responsible bidder in the following language:

> "Whenever a contract is let by * * * any * * * school district * * * for the * * * construction * * * of any public building * * * the contract shall be let, if advertisement for bids is not required, to a resident of the state. If advertisement for bids is required the contract shall be let to the responsible resident making the lowest bid * * *."

The findings of the Board which are quoted above are supported by sufficient evidence in accordance with our standards in Wyoming, and it follows that the Board's decision to the effect that Westates was not a responsible bidder is supported by substantial evidence.

On judicial review the court examines the entire record to determine whether sufficient evidence supports the decision of the administrative agency. *Lewis v. State Board of Control,* Wyo., 699 P.2d 822 (1985); *Burlington Northern Railroad Company v. Public Service Commission of Wyoming,* Wyo., 698 P.2d 1135 (1985); *Mountain States Telephone and Telegraph Company v. Public Service Commission of Wyoming,* Wyo., 698 P.2d 627 (1985); *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* supra, and cases cited therein; *Gilmore Oil and Gas Conservation Commission,* Wyo., 642 P.2d 773 (1982); *First National Bank of Worland v. Financial Institutions Board,* supra. If this examination of the record discloses substantial evidence to support the determination of the agency, we cannot substitute our judgment for that of the administrative agency. *Citizens of Otto v. Wyoming State Committee for School District Organization,* Wyo., 705 P.2d 831 (1985); *Burlington Northern Railroad Company v. Public Service Commission of Wyoming,* supra; *Mountain States Telephone and Telegraph Company v. Public Service Commission of Wyoming,* supra; *Kloefkorn-Ballard Construction and Development, Inc. v. North Big Horn Hospital District,* Wyo., 683 P.2d 656 (1984); *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* supra; *Atchison v. Career Service Council of State of Wyoming,* Wyo., 664 P.2d 18, *cert. denied sub nom, H.M. Trimble and Sons, Limited v. Kingsley & Keith (Canada) Limited,* 464 U.S. 982, 104 S.Ct. 423, 78 L.Ed.2d 358 (1983); *Wyoming State Department of Education v. Barber,* Wyo., 649 P.2d 681 (1982); *Gilmore v. Oil and Gas Conservation Commission,* supra; *Board of Trustees of School District No. 4, Big Horn County v. Colwell,* Wyo., 611 P.2d 427 (1980); *Shenefield v. Sheridan County School District No. 1,* supra. Upon review the burden is on the appellant to demonstrate that the decision of the administrative agency is not supported by substantial evidence. *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* supra; *Spivey v. Lucky MC Uranium Corporation,* Wyo., 636 P.2d 518 (1981); *First National Bank of Worland v. Financial Institutions Board,* supra. The weight to be given the evidence and the credibility of witnesses is to be determined by the administrative agency, the finder of fact, not by the reviewing court. *Gilmore v. Oil and Gas Conservation Commission,* supra; *Wyoming Bancorporation v. Bonham,* Wyo., 527 P.2d 432 (1974); supplemental opinion at 563 P.2d 1382, reh'g denied, 566 P.2d 219 (1977). The applicable definition for sufficient evidence is that it is "such relevant evidence which a reasonable mind might accept as supporting the agency's conclusion." *Burlington Northern Railroad Company v. Public Service Commission of Wyoming,* supra; *Kloefkorn-Ballard Construction and Development, Inc. v. North Big Horn Hospital District,* supra; *Mountain Fuel Supply Company v. Public Service Commission of Wyoming,* supra; *Wyoming State Department of Education v. Barber,* supra; *Board of Trustees, Laramie County School District No. 1 v. Spiegel,* Wyo., 549 P.2d 1161 (1976); *Shenefield v. Sheridan County School District No. 1,* supra; *Howard v. Lindmier,* 67 Wyo. 78, 214 P.2d 737 (1951).

The record presented to this court for review encompasses evidence that Westates had performed poorly on the fire code remodeling project. The evidence submitted by Westates to the effect that the fault for that poor performance could be ascribed to someone else; that remodeling is more difficult to accomplish than initial construction; and that Westates had performed admirably with respect to other remodeling and new construction projects served only to structure a conflict in the evidence relating to the question of whether Westates was a responsible bidder. We will not substitute our judgment as to the weight to be given to that evidence and the credibility of the witnesses for that of the Board. The only issue for our determination is whether there was sufficient evi-

dence in light of the appropriate definition to justify the Board's decision that Westates was not a responsible bidder. The evidence in this record satisfies that requirement.

The judgment of the district court affirming the decision of the Board of Trustees of Sheridan County School District No. 2 is affirmed.

ROONEY, J., files a concurring opinion.

ROONEY, Justice, concurring.

I only want to note that the mere presence of counsel during the decision-making process by the board of trustees is not statutorily prohibited. The board of trustees could even have made its decision without leaving the hearing room. This Court has made decisions from the bench without retiring for deliberations. There is no requirement for "secret" deliberations. The only requirement is that the deliberations be only by the board of trustees.