Mardell PALMER, Appellant (Plaintiff),

v.

BOARD OF TRUSTEES OF CROOK COUNTY SCHOOL DISTRICT NO. 1, Appellee (Defendant).

No. 89–78.

Supreme Court of Wyoming.

Jan. 12, 1990.

James L. Edwards of Stevens, Edwards & Hallock, Gillette, for appellant.

Mark L. Hughes of Hughes & Dumbrill, Sundance, for appellee.

Tracy J. Copenhaver of Copenhaver, Kath & Kitchen, Powell, filed an amicus curiae brief on behalf of the Wyoming School Boards Ass'n.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Mardell Palmer (Palmer) challenges the district court's judgment affirming her termination and seeks reinstatement as a continuing contract teacher in Crook County School District No. 1 (District). She asserts that the School District Board of Trustees (Board) acted arbitrarily, capriciously and illegally in terminating her employment pursuant to the Board's Reduction in Professional Staff Work Force (RIF) policy.

Appellant raises the following issues on appeal:

I. Did the administration attempt to realign the classes and courses to be taught in accordance with the reduction in force (RIF) policy and not infringe on the right of the appellant as a continuing contract teacher?

II. Did the Crook County School Board properly implement the District RIF policy?

III. Did the Board of Trustees conduct themselves in an arbitrary and capricious manner toward the appellant through either their notice and conduct at the April 7, 1988, meeting, or their findings of fact and conclusions of law?

In contrast, the District frames the issue on appeal in the context of the scope of judicial review pursuant to W.S. 16-3-114(c)(ii) (Oct. 1982 Repl.). Appellee identifies the issue as:

I. Was the decision of the District Court and the Board of Trustees of Crook County School District No. 1 to terminate the contract of Mardell Palmer:

a. Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

b. Contrary to constitutional right, power, privilege or immunity;

c. In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

d. Without observance of procedure required by law; or

e. Unsupported by substantial evidence?

Finally, in an amicus brief submitted on behalf of the District by the Wyoming School Boards Association, two issues are addressed:

I. Does a teacher by virtue of acquiring continuing contract status have the right to require the Board of Trustees to realign teachers and curriculum so as to create a position for her when such realignment would be contrary to the Board's determination of what is in the best interests of the students?

II. Did the Board of Trustees of Crook County School District No. 1 properly implement the RIF policy and procedures, including requirements for notice to the teacher, and was the determination of the Board arbitrary, capricious or unsupported by substantial evidence?

We affirm.

## FACTS

Palmer taught physical education and general science at Sundance High School for seven consecutive years until the end of the 1987–88 school year. In March, 1988, she became aware that the District, faced with financial concerns and a declining enrollment, was considering implementing its RIF policy by eliminating several staff positions, including her own combination physical education/science position. On April 7, 1988, Palmer, accompanied by counsel, attended a special meeting of the Board where they discussed the proposed RIF with the Board. The Board also heard comments from several individuals on behalf of Palmer and received petitions sup-

porting her continued employment. Despite these factors, the Board accepted a recommendation from the District Superintendent to implement the RIF policy. In addition to Palmer's position as a physical education/science teacher, the Board voted to eliminate five and one-half other teaching positions in the District. All teachers in the District received notice of the Board's action to implement the RIF policy following the April 7 special meeting.

Palmer received written notice of recommendation of her termination on or about April 12, 1988. The notice, dated April 11, 1988, contained three reasons for the Board's reduction in the teaching staff: (1) limited financial resources of the District; (2) decreased enrollment; and (3) other events beyond the control of the Board. On April 15, 1988, Palmer requested a hearing before the Board pursuant to W.S. 21–7–108 (July 1986 Repl.); the Board granted Palmer's request and conducted a hearing on June 22, 1988. Discovery of additional evidence necessitated a supplemental hearing held on October 3, 1988. Following both hearings, the Board voted to terminate Palmer's employment with the District effective at the end of the 1987–88 school year.

Pursuant to W.R.A.P. 12 and W.S. 16–3–114, Palmer petitioned the district court for review of the Board's administrative action, and on October 12, 1988, the district court heard oral arguments and reviewed the record. The court concluded that the Board had authority under W.S. 21–7–111(a)(iv) (Cum.Supp.1988) [1] to terminate a continuing contract teacher due to limited financial resources and decreased enrollment. The court recognized the limited scope of judicial review of discretionary administrative actions supported by substantial evidence. On February 28, 1989, the district court entered an order affirming the Board's action terminating Palmer. This appeal followed.

Having reviewed the record and briefs, we recognize two issues for decision. First, we must consider whether the District satisfied procedural notice requirements; and second, we must determine whether the Board's decision to terminate Palmer was supported by substantial evidence.

■ The standard of judicial review for administrative actions is governed by W.R.A.P. 12.09, W.S. 16–3–114(c) [2] and Wyoming case law. We apply the same standard of judicial review previously applied by the district court in this case. In determining whether an agency decision is arbitrary, capricious, or an abuse of discretion, a court must review the record taken as a whole and ascertain whether the decision is supported by the evidence contained in the record. *Holding's Little America v. Board of County Commissioners of Laramie County*, 670 P.2d 699, 703–04 (Wyo. 1983); and *Toavs v. State By & Through Real Estate Commission*, 635 P.2d 1172, 1174 (Wyo.1981). We are not bound to accept any of the conclusions reached in the district court, but are obligated to review the appeal as if it came directly to the court from the Board. *Sellers v. Wyoming Board of Psychologist Examiners*, 739 P.2d 125, 126 (Wyo.1987). Deference is owed to the Board's administrative determination, not that of the district court's decision. *Zezas Ranch, Inc. v. Board of Control*, 714 P.2d 759, 764 (Wyo.1986).

■ Palmer argues that the Board abused its discretion by making its decision

---

1. W.S. 21–7–111(a)(iv), states:
 (a) Nothing in this article shall prohibit:
 \* \* \* \* \* \*
 (iv) The termination of the contract of a teacher at the end of current school year because of a decrease in the size of faculty due to decreased enrollment or other event beyond the control of the board \* \* \*.

2. W.S. 16–3–114(c)(ii) states that the court shall set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
(B) Contrary to constitutional right, power, privilege or immunity;
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
(D) Without observance of procedure required by law; or
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

without a sufficient factual basis. W.S. 16–3–114(c)(ii)(E) establishes that administrative actions mut be supported by "substantial evidence" or be reversed on judicial review. On several occasions this court has defined the "substantial evidence" test in the school board administrative context. In *Shenefield v. Sheridan County School District No. 1*, 544 P.2d 870, 874 (Wyo. 1976) (quoting *Howard v. Lindmier*, 67 Wyo. 78, 214 P.2d 737, 740 (1950)), the court defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See also Ririe v. Board of Trustees of School District No. One, Crook County, Wyoming*, 674 P.2d 214, 228 (Wyo.1983); and *Board of Trustees, Laramie County School District No. 1 v. Spiegel*, 549 P.2d 1161, 1178 (Wyo.1976). The weight to be given the evidence and the credibility of witnesses is to be determined by the finder of fact (the Board in this case) and not the reviewing court. The burden is on the appellant to demonstrate that the Board's decision is not supported by substantial evidence. *Westates Construction Co. v. Sheridan County School District No. 2, Board of Trustees*, 719 P.2d 1366, 1372 (Wyo.1986).

### PROCEDURAL NOTICE REQUIREMENTS

■ Palmer contends that the District's published notice of the April 7, 1988 special board meeting was inaccurate in that the notice printed in the local newspaper and the copies of the meeting agenda distributed to Board members failed to state that reduction in the professional staff work force would be discussed at the meeting. The District counters Palmer's claim with evidence of compliance with W.S. 16–4–404(b) (Oct. 1982 Repl.).[3] The District argues that express notice of "hiring professional staff," in conjunction with Palmer's constructive notice of the purpose of the

meeting and community awareness of topics to be discussed satisfies the statutory notice requirement.

Palmer's procedural argument fails since the record establishes that the District met the requirements of the law, and in any case, Palmer did not suffer as a result of the alleged improper notice. While it is questionable whether "hiring professional staff" is synonymous with "reduction in force," there is no doubt that the business to be transacted at the special meeting dealt with personnel decisions. Palmer was informed of the purpose of the special meeting by other means, and both she and her counsel attended and participated in the meeting. Members of the community appeared on behalf of Palmer and offered positive verbal and written support of Palmer's qualifications. Following the April 7 meeting, Palmer received written notice of recommendation of her termination. She requested and received an extensive hearing before the Board pursuant to W.S. 21–7–108. Adequate notice is a requisite element of administrative agency action. Here, Palmer received all the notice required by law, and could not demonstrate any prejudice or harm from the alleged inadequate notice.

### SUBSTANTIAL EVIDENCE

■ We next consider whether the Board acted arbitrarily or capriciously by terminating Palmer's employment as a continuing contract teacher without sufficient facts before it to support its decision. It is well established that this court will not substitute its judgment for that of administrative agencies, including school districts, if the record establishes that the agency decision is supported by substantial evidence. *Westates*, 719 P.2d at 1372. The record establishes that the Board voted to terminate Palmer based on evidence of financial exigency and declining enrollment.

---

3. W.S. 16–4–404(b) states:
 (b) Special meetings may be called by the presiding officer of a governing body by giving notice of the meeting to each member of the governing body and to each newspaper of general circulation, radio or television station

requesting the notice. The notice shall specify the time and place of the special meeting and the business to be transacted. No other business shall be considered at a special meeting.

It is the role of an elected school board to consider all of the circumstances impinging on the efficient operation of the school district and to exercise its discretion to ensure the best possible education for students. In the spring of 1988, the Board was faced with a projected decline in revenues, coupled with overstaffing resulting from a decline in student population. This was presented to the Board together with the superintendent's RIF recommendation at the April 7, 1988 Board meeting. The recommendation to RIF Palmer (among others) was based on elimination of classes which she taught. The recommendation was presented in more detail in the form of exhibits and testimony by the superintendent of schools and the director of curriculum at the June 22, 1988 hearing. The record was supplemented at the October 3, 1988 hearing.

Palmer argues that enrollment actually increased, there were alternate methods for reorganizing the district staff, that the district had adequate financial resources, and that the board erred in its factual findings. However, the district court correctly noted that whether this decision was the "best" under the circumstances is not the test. The record contains relevant evidence that reasonably supports the Board's decision. A decline in revenues required economic choices, and realignment of classes to best meet student needs suggested retaining all mathematics teachers and reducing the number of science teachers. Consequently, we hold that the Board's decision as to Palmer is supported by substantial evidence.

 There is no evidence before us that the Board acted arbitrarily or capriciously in any other respect. Palmer received a fair and complete hearing before the Board voted to terminate her employment. The Board acted under authority of W.S. 21–7–111(a)(iv) and within the letter of its RIF policy. Despite the allegation in Palmer's brief, we found no evidence in the record of a pretextual termination or retaliation. Finally, we emphasize that Wyoming statutes do not demand, and we do not impose, a requirement that school boards realign teaching duties premised on seniority. *Cf. Strand v. Special School District,* 392 N.W.2d 881, 886 (Minn.1986).

We find that the Board did not act arbitrarily or capriciously or abuse its discretion. Appellant Mardell Palmer received adequate notice of the April 7, 1988 special board meeting. Further, the Board's action was supported by substantial evidence. These findings dispose of all the issues raised by the appeal. The decision of the district court is affirmed.