CLEAR CREEK CATTLE CO., a corporation, et al., Appellants (Plaintiffs below),

(Substituted by Order of Court for School District No. 18, Natrona County, Wyoming, a corporation, Former Plaintiffs below),

v.

Adria A. DAVIS, Edness Mokler, John E. Purcell, John J. Tobin, and Dean C. Morgan, constituting the District Boundary Board of Natrona County, Wyoming, Appellees (Defendants below).

Adria A. DAVIS, Edness Mokler, John E. Purcell, John J. Tobin, and Dean C. Morgan, constituting the District Boundary Board of Natrona County, Wyoming, Appellants (Defendants below),

v.

CLEAR CREEK CATTLE CO., a corporation, et al., Appellees (Plaintiffs below),

(Substituted by Order of Court for School District No. 18, Natrona County, Wyoming, a corporation, Former Plaintiffs below).

Nos. 3172, 3173.

Supreme Court of Wyoming.

Aug. 12, 1963.

A. G. McClintock and Walter C. Urbigkit, Jr., Cheyenne, Robert R. Rose, Jr., Casper, R. E. Stevens, Denver, Colo., for Clear Creek Cattle Co. and others.

Ernest Wilkerson, Casper, for Adria A. Davis and others.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

■ The appeal in this case raises the question as to whether a school district boundary board, under § 21-211, W.S.1957, as amended by Ch. 111, S.L. of Wyoming, 1961, has the legal right to annex elementary school districts to a high school district; and if so, whether such jurisdiction was properly exercised in this particular instance. The matter was argued to us along with the cases of Bixby v. Cross, Wyo., 384 P.2d 710; and Forest Oil Corporation v. Davis, Wyo., 384 P.2d 716.

Plaintiffs in the instant case appealed to the District Court of Natrona County from a resolution of the District Boundary Board

of Natrona County adopted December 8, 1961, in which the boundaries of Natrona County High School District were altered and changed to include School Districts 5, 13 and 18 of Natrona County. This resolution is the identical resolution involved in the Forest Oil Corporation case. The plaintiffs, however, are citizens and taxpayers of School District No. 18. Forest Oil Corporation brought its action as a taxpayer in School District No. 13.

The district court, after a trial of the issues to the court, held the boundary board did have sufficient jurisdiction and power to effect the proposed change, but that the board's action was arbitrary for the reason that the board did not have before it sufficient information upon which it could properly find the proposed change in boundaries to be in the best interests of the public generally. From this decision parties on both sides have appealed. Case No. 3172 has to do with the appeal of plaintiffs, and case No. 3173 has to do with the appeal of defendants.

The appellant-taxpayers in the case before us make it clear in their brief that they do not say the legislature could not delegate to district boundary boards the power to make changes such as the one here involved, but they say instead that the legislature did not effect such a change when it enacted Ch. 111 as an amendment to § 21–211.

We have amply discussed such a contention in the Bixby v. Cross case and in the Forest Oil Corporation v. Davis case. No arguments are advanced by the taxpayers in this case which were not urged and discussed in the other two cases, and it is not necessary to deal further with the question of the jurisdiction of the board to include districts such as School Districts 5, 13 and 18 in the Natrona County High School District. We hold it had such jurisdiction.

■ Concerning the holding of the district court to the effect that the action of the board in this particular instance was arbitrary because taken without the board having before it sufficient information upon which to make a proper decision, we point out that this part of the district court's holding appears from the judgment to be based squarely upon the decision of this court in School District No. 9, Fremont County, v. District Boundary Board In and For Fremont County, Wyo., 351 P.2d 106.

■ This court, in the Fremont County case, at 351 P.2d 111, made it clear that a district boundary board must have before it sufficient information upon which it may properly find that a change is to the best interests of all the people concerned. The decision of the board must not only be based upon substantial evidence but also the evidence must relate to both the annexed and the annexing areas. Otherwise, as the opinion concludes on page 113, the procedure tends to be "of an arbitrary nature."

With respect to the arbitrary nature of the board's action in this case, the judge of the district court entered a *Decision and Mandate* containing these findings:

"In the instant case the record fails to show what, if any, factual information was actually submitted to or considered by the board in making its decision. Without exception, the members of the board, upon being questioned in their deposition, confessed that they could not recall the details of what transpired at the various meetings which were held to consider the change in question. Each was sure that they had certain basic factual information upon which their decision was made, but they were unable to recall it in detail for the purpose of the record. The record does not show that the members of the board knew how many high school students were located in each of the elementary districts involved, or where they attend school, if any. Apparently no information was submitted to the board regarding the needs of the Natrona County High School District beyond the general proposition that the district could use more income. In any event, the boundary board should consider the

needs of the elementary school districts, particularly with reference to bonding requirements for new schools and any other limitations on school finances which would be imposed by the inclusion of these districts within the Natrona County High School District."

These findings are amply justified by the record in the present case, and the district court was justified in its conclusion that the board did not have sufficient information before it upon which it could base a fair and impartial decision.

On the matter of the sufficiency of information to prevent the action from being arbitrary, we think a stronger case was made in behalf of the District Boundary Board of Converse County, in Bixby v. Cross, Wyo., 384 P.2d 710, than was made on behalf of the District Boundary Board of Natrona County in the case at bar. However, we are aided in our decision in each of these cases by the findings of fact of the respective district courts. In each case, it is apparent from the record that these findings were made particularly in the light of the Fremont County case decision.

We know of no reason why we should not follow the general rule of supreme court review, under the circumstances of this case. This would call for an affirmance of the trial court's judgment if the evidence conflicts or if substantial evidence supports its judgment. In this instance there is no conflicting evidence, and the test is, therefore, whether there is substantial evidence in the record to support the finding of the district court to the effect that the action of the boundary board was arbitrary in connection with its order of December 8, 1961. See Arizona Corporation Commission v. Reliable Transportation Company, 86 Ariz. 363, 346 P.2d 1091, 1097; and Brazeale v. State Industrial Accident Commission, 190 Or. 565, 227 P.2d 804, 808.

There was substantial evidence to support such a finding, and the judgment must be affirmed. Although mention has been made in the briefs of counsel pertaining to a further order of the board on March 11, 1963, nothing is before us with respect to such order and we will not consider it.

Affirmed.