**FOREST OIL CORPORATION, a New York corporation, Appellant (Plaintiff below),**

v.

**Adria A. DAVIS, Edness Mokler, John E. Purcell, John J. Tobin, and Dean C. Morgan constituting the District Boundary Board of Natrona County, Wyoming, Appellees (Defendants below).**

**No. 3146.**

Supreme Court of Wyoming.

Aug. 12, 1963.

A. G. McClintock and Walter C. Urbigkit, Jr., Cheyenne, Robert R. Rose, Jr., Casper, R. E. Stevens, Denver, Colo., for appellant.

Ernest Wilkerson, Casper, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

By resolution of the District Boundary Board of Natrona County adopted December 8, 1961, it was ordered:

"* * * the boundaries of Natrona County High School District are hereby altered and changed to include Elementary School District No. 5, No. 13 and No. 18 by the unanimous vote of the Boundary Board sitting in regularly

called session after public notice of a public meeting on said matter, and meetings with various persons concerned."

■ Forest Oil Corporation, as a taxpayer in School District No. 13, thereafter filed in the District Court of Natrona County a petition on appeal seeking to have it declared that the board was without jurisdiction for its action. That court ruled the board had the necessary jurisdiction and power to adopt its resolution, and plaintiff appeals from such ruling.

At trial the parties stipulated the facts without oral testimony, and it was agreed that no part of the lands within Districts 5, 13 or 18 was a part of any high school district before December 8, 1961; that no consent to the formation of a high school district had been given by representatives or trustees of any then organized high school district comprising these areas; but that consent was given by the board of trustees of Natrona County High School District. It was further stipulated that no action was taken and none was purported to have been taken for the enlargement of a high school district pursuant to §§ 21–207 and 21–208, W.S.1957.

On appeal, no challenge is made of the recitation contained in the board's resolution to the effect that its action was by unanimous vote of the Boundary Board sitting "in regularly called session after public notice of a public meeting on said matter, and meetings of the various persons concerned." As stated in appellant's brief, the question to be decided in this appeal is whether the boundary board, under § 21–211, W.S.1957, as amended by Ch. 111, S.L. of Wyoming, 1961, had the legal right to annex the three elementary school districts to the Natrona County High School District.

This precise question was also raised in Bixby v. Cross, Wyo., 384 P.2d 710. Both cases, along with another case which also challenges the validity of the December 8, 1961 resolution of the District Boundary Board of Natrona County, were argued before us at the same time. Without repeating what has been said in the case of Bixby v. Cross, we hold, for the reasons stated therein, that the 1961 law gives to the district boundary board the jurisdiction and authority exercised by it in this case.

■ It is noted, however, that appellant in the instant appeal argues the provisions of the high school district laws (§§ 21–207 to 21–210) continue to govern exclusively in this controversy despite the amendment to § 21–211. It is claimed this interpretation does not render Ch. 111 ineffectual but permits its application where and only where two or more high school districts are involved.

According to the argument of counsel, if we should hold the language of the 1961 amendment sufficient to give a plenary jurisdiction to boundary boards over all changes of boundaries, whether of one high school district or several, then the amendment as enacted would be in violation of Art. 3, § 24, Wyoming Constitution, requiring the subject of all bills to be clearly expressed in the title.

The use of the plural instead of the singular with respect to high school districts, in Ch. 111, is apparently the basis of the contention that this law applies only where two or more high school districts are involved. The amendment authorizes boundary boards to alter and change the boundaries of "any school district, including high school districts, if the boards of trustees of such high school districts consent." It also authorizes the consolidation of districts or portions of districts, but changes, alterations or consolidations are to be made only when in the opinion of the board they may be justified by existing circumstances and conditions and "where high school districts are involved where the boards of such high school districts consent."

We fail to find any merit in the suggestion that use of the plural with respect to high school districts limits the application of the 1961 enactment to those instances where more than one high school district is involved. The history of the legislation, as reviewed by us in the Bixby v. Cross case,

makes it amply clear that the amendment was adopted for the sole purpose of extending the power of district boundary boards to include the power to change the boundaries of high school districts, regardless of whether one or more such districts are involved in the change.

■ The legislative intent in that regard is so clear, we think, that there is no occasion for resorting to rules of statutory construction. See Druley v. Houdesheldt, 75 Wyo. 155, 294 P.2d 351, 352, rehearing denied 296 P.2d 251. However, case authority amply supports the general rule stated in 82 C.J.S. Statutes § 337, p. 676, to the effect that where such construction is necessary to give effect to the legislative intent, words in the plural number will be construed to include the singular. Such construction is indeed indicated in this instance.

■ Concerning the constitutional question as to whether the title to Ch. 111 was sufficient to satisfy the requirements of Art. 3, § 24, of our state constitution, we have recently discussed a similar contention, with Chief Justice Parker speaking for the court, in Morrow v. Diefenderfer (No. 3150), Wyo., 348 P.2d 601. In the light of what was said in that opinion, it is clear the subject dealt with, in the 1961 law here involved, was clearly expressed in its title, as required by Art. 3, § 24.

■ The title to Ch. 111 is:

"AN ACT to amend and re-enact Section 21–211, Wyoming Statutes, 1957, relating to the alteration of school district boundaries and the powers and duties of the district boundary board."

The term "school district," which is used in this title, includes not only school districts as ordinarily understood but also high school districts. Ericksen v. School Dist. No. 2 of Natrona County, 67 Wyo. 216, 217 P.2d 887, 890. Therefore, since the purpose

and effect of the 1961 amendment was to extend the power of district boundary boards to include the power to change the boundaries of high school districts, it is apparent that the title used for such amendment expresses exactly what the legislature intended the act to accomplish.

Certainly § 21–211, prior to the 1961 amendment, did indeed relate to "the alteration of school district boundaries and the powers and duties of the district boundary board." Moreover, the additional provisions added by amendment in 1961 are definitely germane both to the Ch. 111 title and to the subject of the original section. See In re Trent's Claim, 68 Wyo. 146, 231 P.2d 180, 186; and Public Service Commission of Wyoming v. Grimshaw, 49 Wyo. 158, 53 P.2d 1, 11, 109 A.L.R. 534.

We affirm the judgment of the district court in this case and hold that it was correct in finding the District Boundary Board of Natrona County had jurisdiction and the power to adopt its December 8, 1961 resolution. Our decision, however, while serving a useful purpose, is to a certain extent moot.

In cases No. 3172 and No. 3173, where the same resolution was involved (see Clear Creek Cattle Co. v. Davis, Wyo., 384 P.2d 719), the district court has vacated and set aside this resolution for the reason that the board acted arbitrarily and did not have before it sufficient information upon which it could properly find the proposed change in boundaries to be in the best interests of the public generally. See School District No. 9, Fremont County, v. District Boundary Board In and For Fremont County, Wyo., 351 P.2d 106, 111.

The board's action was not attacked on that ground in the case at bar, and it is not necessary for us to discuss the matter in this opinion. It is fully discussed in the Clear Creek Cattle Co. case, which we are affirming.

Affirmed.