BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF NATRONA, and Edness Mokler, individually and as County Treasurer of Natrona County, State of Wyoming, Appellants (Defendants below), Natrona County High School District, Appellant (Intervenor below),

v.

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a Corporation, Appellee (Plaintiff below).

No. 3449.

Supreme Court of Wyoming.

Feb. 23, 1966.

Ernest Wilkerson and Harry E. Leimback, Casper, for appellants.

W. T. Schwartz, Casper, for appellee.

Before PARKER, C. J., and GRAY and McINTYRE, JJ.

PER CURIAM.

Plaintiff railroad company brought an action against the Natrona County board of commissioners and treasurer to recover taxes in the amount of $8,976.60 paid for the year 1962, contending that the tax was levied on the company's property because of a Natrona County High School District boundary change by the District Boundary Board of Natrona County, hereinafter referred to as "the board," to include the area in which the plaintiff's property was situated, and that such action of the board was later held by the district court and this court to have been illegal, erroneous, void, and of no effect. The Natrona County High School District was permitted to intervene as the real party in interest, filed general denial (as did the defendants), and alleged affirmatively that the board in accordance with a district court decision affirmed by this court, Clear Creek Cattle Co. v. Davis, Wyo., 384 P.2d 719, gave further and complete consideration to the question of boundary change and had included the disputed area and that the effect of the later order rendered the railroad company's property subject to the questioned taxes as fully as if the initial order had been effective. On plaintiff's motion, the court granted summary judgment, from which this appeal was taken.

The background of the litigation may assist in a comprehension of the matters to be discussed. For many years prior to 1961, the Natrona County High School District was comprised of only a portion of the county. From time to time there were accretions to the district, ultimately

extending its boundaries so that it is now coextensive with the boundaries of the county, including Elementary Districts 5, 13, and 18, through which latter district the CB&Q runs. An early attempt in that direction was unsuccessful—this court holding that the statute empowering the board to change boundaries did not extend to high school districts. In re Sanders' Appeal, 80 Wyo. 265, 341 P.2d 85. However, such action was authorized by c. 111, S.L. of Wyoming, 1961; and on December 8, 1961, the board adopted a resolution to include the area here in issue. On January 12, 1962, a suit was brought to nullify such action, resulting in an October 27, 1962, "Decision and Mandate" of the District Court of Natrona County, which vacated and set aside the resolution and remanded the matter to the board for further and more complete consideration, which judgment was affirmed August 12, 1963. Clear Creek Cattle Co. v. Davis, supra. That case had been docketed in this court on January 22, 1963. On December 19, 1962, the Natrona County High School District petitioned the board for a change in boundaries, which would effect the inclusion of the area concerned in the Clear Creek Cattle Co. case. On January 2, 1963, the petition was considered by the board; and after proceedings, including a public hearing, the board on March 11, 1963, determined that such change be effected. This action was upheld both in the district court and here. Forest Oil Corp. v. Davis, Wyo., 396 P.2d 832. Although nothing was stated in the December 19, 1962, petition showing that it purported to be in compliance with the district court's vacation and remand, which the board was then appealing, it is now contended that such inclusion of the area in issue here was "pursuant to [the October 27, 1962] District Court remand."

This appeal is based on the argued principle that an administrative proceeding of this nature is a continuing process and an unbroken skein from its inception to the final disposition of the matter so that the effective date of the inclusion of Elementary Districts 5, 13, and 18 within the Natrona County High School District was December 8, 1961; the appellee's property was included within the high school district for the year 1962, and for all subsequent years, and thus appellee's attempt to recover 1962 taxes must fail. Their reasoning as to this principle is dependent on the validity of two stated lemmas: (1) The district court on the appeal from the board's decision, which enlarged the Natrona County High School District, and correspondingly, this court on further appeal from the district court, had power only to affirm the board's decision, or, alternatively, to remand the matter for further proceedings, the latter of which it did. (2) The board properly carried out the instructions of the courts on remand and, at the conclusion of the additional required proceedings, made findings and a decision on March 11, 1963, which coincided with its original one of December 8, 1961—the confirming decision being subsequently ratified by both the district and supreme courts. Forest Oil Corp. v. Davis, supra.

Assuming arguendo that the first of these has sufficient merit to warrant analysis, we find the second to be misleading and wholly unsubstantiated by the record. Neither the December 19, 1962, petition or the board's minutes of January 2 or March 11, 1963, mentioned the district court's remand, and of course, they should not have done so since that court's "Decision and Mandate" was in the process of appeal. The December 19, 1962, petition and the resultant proceedings of the board were, as far as the record is concerned, entirely unconnected with the proceedings begun December 8, 1961; and it would appear that they were unrelated in fact except that the later activities, directed to the accomplishment of the same objectives as the first, recognized the infirmities of the earlier proceedings and attempted to avoid them. Since the board

did not purport in its proceedings to be carrying out the instructions of the court's "remand" but was, in fact meantime engaged in challenging the same, the principal argument here advanced has no foundation. Therefore, we find no occasion to discuss the various authorities and cases presented, which seemingly are directed to the contention that an order of an administrative agency can under certain circumstances have a retroactive effect which courts should recognize as legal. We likewise consider it unnecessary to analyze the doubtful assertion that a court unless authorized to consider a matter de novo cannot reverse a decision of an agency, thereby terminating the proceeding.

We do note in passing the caveat contained in the trial court's well reasoned Memorandum Opinion, which was a basis for the summary judgment, that as recognized by various authorities in discussing purported administrative proceedings a distinction is made between judicial, quasi-judicial, or determinative powers on the one side and the legislative or rule-making powers on the other, and consequently, any thesis as to a claimed retroactive effect of a decision by an administrative agency would require careful scrutiny.

Affirmed.

HARNSBERGER, J., not participating.