**Larry GRIESS, Appellant (Petitioner),**

v.

**OFFICE OF THE ATTORNEY GENERAL, DIVISION OF CRIMINAL INVESTIGATION, Appellee (Respondent).**

**No. 95–314.**

Supreme Court of Wyoming.

Jan. 24, 1997.

Rodger McDaniel, of McDaniel Law Offices, Cheyenne, for appellant (petitioner).

William U. Hill, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Lou Piccioni, Assistant Attorney General, for appellee (respondent).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN* and LEHMAN, JJ.

* Chief Justice at the time of conference on this case.

THOMAS, Justice.

The accuracy of the interpretation of a statute by the Division of Criminal Investigation in the Office of the Attorney General (Division) is the focal issue in this case. Larry Griess (Griess) contends that the Division did not properly apply language in Wyo. Stat. § 6–8–104 (Supp.1994) in denying his application for a permit to carry a concealed firearm. The particular statutory language reads, "the applicant has been or is reasonably likely to be a danger to himself or others, or to the community at large as a result of the applicant's mental or psychological state, as demonstrated by a past pattern or practice of behavior, or participation in incidents involving a controlled substance, alcohol abuse, violence or threats of violence as these incidents relate to criteria listed in this section." The Division invoked a single incident involving a threat of suicide by Griess to deny his application, and Griess argues that the statute requires a "pattern or practice of behavior" or multiple incidents. He also asserts a collateral issue involving the failure of the Division to advise him of its final decision within a twenty-day period mandated by the statute. The district court affirmed the denial by the Division of Griess' application for a concealed weapons permit, holding that the Division's decision was justified by the single incident. We affirm the decision of the district court.

In his Brief of Appellant, Griess defines the issues as:

Argument I:

The Division of Criminal Investigation acted arbitrarily and capriciously and not in accordance with W.S. 6–8–104(g) in denying the permit.

Argument II:

The denial of the permit by the DCI must be set aside for the failure of the Appellee to timely process the Applicant's Petition for Reconsideration.

The Brief of Appellee filed on behalf of the Division suggests a single issue:

Whether the decision by the Division of Criminal Investigation to deny Appellant a concealed firearm permit was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with Wyo. Stat. § 6–8–104(g)?

In January 1995, Griess applied for a concealed firearm permit. As provided by Wyo. Stat. § 6–8–104(e), the application was submitted to the Laramie County Sheriff, who forwarded it to the Division along with the written report required by Wyo. Stat. § 6–8–104(g). The sheriff's report recommended denial of the permit application by the Division because of a 1988 suicide threat. On February 20, 1988, three deputies of the Laramie County Sheriff's Department were summoned to the Griess home. They found Griess locked in a room with a firearm and a suicide note on the door. The deputies persuaded Griess to surrender his firearm and took him to the hospital, where Griess committed himself voluntarily for diagnosis and counseling.

The letter the Division sent to Griess on March 8, 1995, advised him:

Your application for a Wyoming concealed firearm permit has been denied based upon the recommendation of the Laramie County Sheriff. Per Wyoming statute 6–8–104(m)(ii), the division shall deny the application based on the grounds that the applicant fails to qualify under the criteria listed in this section or upon reasonable grounds for denial specified under subsection (g) of this section. The written report provided by the sheriff, as required by subsection (g), provides reasonable grounds that the applicant may be a danger to himself based on the suicide threat of February 20, 1988. (Laramie County Sheriff's Department case number 88–0580.)

Per Wyoming statute 6–8–104(m)(ii), any applicant denied a permit has the right to submit, within thirty (30) days, any additional documentation relating to the grounds for denial. Upon receiving any additional documentation, the division shall reconsider its decision and inform the applicant within twenty (20) days of the result of the reconsideration. The applicant also has the right to seek review of the denial in the district court pursuant to the Wyoming Administrative Procedure Act, W.S. 16–3–101 through 16–3–115.

Griess wrote to the Division on March 14, 1995, and explained that in 1988 he had suffered from depression as a result of heart bypass surgery and early retirement from the fire department. He said that the combination of events had precipitated his suicide threat, and that he had checked into the hospital voluntarily and had been released after two weeks. Griess stated he no longer was a danger to himself or anyone else, and he requested reconsideration of the application. The Division reconsidered Griess' application, and on April 18, 1995, which was more than twenty days after Griess' request for reconsideration, the Division informed Griess of its final decision to deny his application.

Griess appealed to the district court. After review, the district court held the Division's decision to deny Griess' application for a concealed firearm permit was not contrary to Wyo. Stat. § 6–8–104, because his threat to use a gun to commit suicide provided reasonable grounds for the denial pursuant to Wyo. Stat. § 6–8–104(g) and (m)(ii). Griess appeals from the Order Affirming Respondent's Decision Denying Petitioner's Application for a Concealed Firearm Permit entered in the district court.

■ Our review of administrative action or inaction is confined to the record and is limited by Wyo. R. App. P. 12.09(a) to those matters specified in Wyo. Stat. § 16–3–114(c) (1990) (emphasis added) which provides in pertinent part:

(c) * * * **the reviewing court shall decide all relevant questions of * * * law, interpret * * * statutory provisions, and determine the meaning or applicability of the terms of an agency action.** In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
* * *
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

In our review, we afford no deference to the decision of the district court. As we said in *Casper Iron & Metal, Inc. v. Unemployment Ins. Com'n,* 845 P.2d 387, 392 (Wyo.1993):

We review the agency decision without according any special deference to the district court decision. *Union Pacific R.R. Co. v. Wyoming State Bd. of Equalization,* 802 P.2d 856, 859 (Wyo.1990). Using the same evidence and same review standards as the district court, the review conducted by the Wyoming Supreme Court proceeds as if the matter had come directly to us from the agency. *Southwest Wyoming Rehabilitation Center v. Employment Sec. Comm'n,* 781 P.2d 918, 920 (Wyo.1989); *Atchison v. Career Serv. Council,* 664 P.2d 18, 20 (Wyo.), *cert. denied,* 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983).

In this instance, we address only the application of the law by the agency. We recently summarized our jurisprudential approach to the resolution of such cases in this way:

The issues on appeal are a matter of law. Pursuant to W.R.A.P. 12.09, our review of an agency action is in accordance with Wyo. Stat. § 16–3–114(c)(ii)(A) (1990) which requires a reviewing court to "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]" We accord no special deference to the conclusions of the district court, instead reviewing the action as if it came to us directly from the agency. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 619, 621 (Wyo.1996); *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994). If the agency's conclusions of law are correct, its decision will be affirmed. *Martinez,* 917 P.2d at 621; *Matter of Corman,* 909 P.2d 966, 970 (Wyo.1996). If the agency has not invoked and applied the correct rule of law, we correct it. *Martinez,* 917 P.2d at 621; *Matter of Gneiting,* 897 P.2d 1306, 1308 (Wyo.1995).

*Tenorio v. State ex rel. Wyoming Worker's Compensation Div.,* 931 P.2d 234, 237 (Wyo.

1997). The review by the district court in this instance was thorough, and we agree with the judge's decision affirming the action of the Division.

The Division is authorized to issue a permit to carry a concealed firearm to a qualified person pursuant to WYO. STAT. § 6–8–104 which provides in pertinent part:

(g) The sheriff of the applicant's county of residence shall submit a written report to the division containing any information that he feels may be pertinent to the issuance of a permit to any applicant. The written report shall state facts known to the sheriff which establish reasonable grounds to believe that the applicant has been or is reasonably likely to be a danger to himself or others, or to the community at large as a result of the applicant's mental or psychological state, as demonstrated by a past pattern or practice of behavior, or participation in incidents involving a controlled substance, alcohol abuse, violence or threats of violence as these incidents relate to criteria listed in this section. The written report shall be made within thirty (30) days after the date the sheriff receives the copy of the application. The sheriff of the applicant's county of residence shall notify the chief of police, if any, of the applicant's place of residence of the application for a concealed firearm permit by the applicant. The chief of police shall submit written comments to the division under the guidelines prescribed in this section. Submitted comments shall not be considered a public record.

In arguing his first claim of error, Griess contends that to deny a permit on the basis of WYO. STAT. § 6–8–104(g), the Division must have evidence demonstrating the applicant to be a danger to himself or others, based on a past pattern or practice of behavior or participation in more than one incident involving violence or threats of violence. He asserts the denial of the permit by the Division was arbitrary, capricious, and not in accordance with law because it invoked only an isolated incident, and manifested an erroneous application of the statutory language. Griess asserts that the district court erred in the same way when it affirmed the decision because

the district court ignored the terms "past pattern or practice of behavior" and erroneously found the use of the plural form "incidents" indicative of either a singular or plural context.

Our systematic approach to statutory interpretation was carefully articulated in *Parker Land & Cattle Co. v. Wyoming Game & Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993), where we said:

[T]he intent [of the lawgiver] is the vital part, and the essence of the law * * *. Such intent, however, is that which is embodied and expressed in the statute * * * under consideration.

*Rasmussen v. Baker*, 7 Wyo. 117, 128, 50 P. 819, 821 (1897). *Accord, Allied–Signal, Inc. v. Wyoming State Bd. of Equalization*, 813 P.2d 214, 219 (Wyo.1991); *Morrison–Knudson Co. v. State Bd. of Equalization*, 58 Wyo. 500, 512, 135 P.2d 927, 931 (1943). "[T]he initial step in arriving at a correct interpretation * * * is an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection." *Rasmussen*, 7 Wyo. at 133, 50 P. at 823; *accord Radalj v. Union Savings & Loan Ass'n*, 59 Wyo. 140, 176–77, 138 P.2d 984, 996 (1943); and *Phillips v. Duro–Last Roofing, Inc.*, 806 P.2d 834, 837 (Wyo. 1991). A statute "must be construed as a whole in order to ascertain its intent and general purpose and also the meaning of each part." *Ross v. Trustees of University of Wyoming*, 31 Wyo. 464, 489, 228 P. 642, 651 (1924); *accord City of Laramie v. Facer*, 814 P.2d 268, 270 (Wyo.1991). "[W]e give effect to every word, clause and sentence and construe all components of a statute in pari materia." *Facer*, 814 P.2d at 270; *accord, State ex rel. Albany County Weed & Pest Dist. v. Bd. of County Comm'rs*, 592 P.2d 1154, 1157 (Wyo.1979).

In his brief, Griess states succinctly, "[i]f it had been the intent of the legislature to allow for the denial of a permit based on a single incident, it would have not only used the singular form of the word but would neither have included the requirement that such mental state be 'demonstrated by a past pattern or practice of behavior.'" By his argu-

ment, Griess endeavors to connect the word "incidents" to the words "practice" and "pattern." To reach his conclusion, that the statute defines practice as "repeated or customary actions" and "pattern" as requiring "two or more related acts," Griess invokes the plural forms used in the statute. His argument, however, is refuted both by Wyoming statute and our precedent.

In WYO. STAT. § 8–1–103 (1989), a statutory construction clearly contrary to his conclusion is set forth:

(a) The construction of all statutes of this state shall be by the following rules, unless that construction is plainly contrary to the intent of the legislature:

* * *

(v) Words in the plural form include the singular and words in the singular form include the plural[.]

In *Forest Oil Corp. v. Davis*, 384 P.2d 716, 718 (Wyo.1963), we said, "case authority amply supports the general rule stated in 82 C.J.S. Statutes § 337, p. 676, to the effect that where such construction is necessary to give effect to the legislative intent, words in the plural number will be construed to include the singular." If the legislature wishes to depart from this general rule, it can afford a specific definition to a term as the court explained in *Lichty v. Lichty Const. Co.*, 69 Wyo. 411, 243 P.2d 151, 159 (1952), where the term "workman" was defined to include the singular and plural of both sexes. In this statute, had the legislature intended to depart from the general rule, that the plural also includes the singular, it could have done so by specific definition. Furthermore, Griess' contention is pragmatically refuted by language that appears in WYO. STAT. § 6–8–104(m)(ii) where the concept of "reasonable grounds" is set forth, but obviously the legislature would not require multiple justifications for denial under WYO. STAT. § 6–8–104(g).

A more compelling justification for affirming the action of the Division is found in the method for statutory construction set forth in *Parker Land & Cattle Co.*, where we adopted, by quoting from *Rasmussen*, the proposition, "[T]he initial step in arriving at a correct interpretation * * * is an inquiry

respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection." In this regard, we focus upon the language found in WYO. STAT. § 6–8–104(g) (emphasis added):

The written report shall state facts known to the sheriff which establish reasonable grounds to believe that the applicant **has been or is reasonably likely to be a danger to himself or others, or to the community at large as a result of the applicant's mental or psychological state, as demonstrated by a past pattern or practice of behavior, or participation in incidents involving a controlled substance, alcohol abuse, violence or threats of violence as these incidents relate to criteria listed in this section.**

■ In *Matter of Voss' Adoption*, 550 P.2d 481, 485 (Wyo.1976), we had this to say about the word "or" and a clause following a disjunction:

Webster defines 'or' as a function word to indicate (1) an alternative between different or unlike things, states or actions; (2) choice between alternative things, states or courses. The word 'or' is ordinarily used as a disjunctive generally corresponding to 'either' as 'either this or that.' *People v. Smith*, 1955, 44 Cal.2d 77, 279 P.2d 33. Where two clauses or phrases are expressed in the disjunctive, they are coordinate and either is applicable to any situation to which its terms relate. *Shields v. Shields*, 1943, 115 Mont. 146, 139 P.2d 528. Generally, use of the disjunctive indicates alternatives and requires separate treatment of those alternatives, hence a clause following a disjunction is considered inapplicable to the subject matter of the preceding clause. *Quindlen v. Prudential Insurance Company of America*, 5 Cir.1973, 482 F.2d 876, 878.

*See also, Olsten Staffing Services, Inc. v. D.A. Stinger Services, Inc.*, 921 P.2d 596, (Wyo.1996). In this instance, the word "or" preceding the words "to the community" clearly is a function word used in a disjunctive context followed by a modifying clause inapplicable to the preceding clause "to himself or to others." The statute adequately

expresses a legislative intent that the words "past pattern or practice of behavior" or multiple "incidents" do not modify the phrase "reasonably likely to be a danger to himself or others." A reasonable ground for denial of the permit can consist of a single instance in which the applicant manifested danger to himself or others.

■ We hold that the single isolated incident of threatening suicide is a reasonable ground for the denial of Griess' application under WYO. STAT. § 6–8–104(g) and (m)(ii). The denial of the application was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The legislative intent to vest in the Division discretion to issue a permit to carry a concealed firearm is manifest in the statute. There is no indication that the legislature intended to guarantee to any applicant the right to a permit. The discretion of the Division was appropriately exercised in this instance.

The second claim of error in Griess' Brief of Appellant is that the denial by the Division of the permit must be set aside because it failed to notify Griess of its final decision to deny his application within the twenty-day time limit as mandated by WYO. STAT. § 6–8–104(m)(ii) which provides:

> (m) The division shall, within sixty (60) days after the date of receipt of the items listed in subsection (e) of this section, either:
>
> (i) Issue the permit; or
>
> (ii) Deny the application based on the ground that the applicant fails to qualify under the criteria listed in this section or upon reasonable grounds for denial specified under subsection (g) of this section. If the division denies the application, it shall notify the applicant in writing, stating the grounds for denial and informing the applicant of a right to submit, within thirty (30) days, any additional documentation relating to the grounds of denial. Upon receiving any additional documentation, the division shall reconsider its decision and inform the applicant within twenty (20) days of the result of the reconsideration. The applicant shall further be informed of the right to seek review of the denial in the district court

pursuant to the Wyoming Administrative Procedure Act, W.S. 16–3–101 through 16–3–115.

Griess asserts that the time established in the statute for the Division to respond is mandatory and the issuance of the permit is an appropriate remedy for the failure of the Division to comply with the statute. In responding to this argument, the State characterizes it as one of equitable estoppel and argues that this doctrine does not apply to such governmental functions.

We have previously addressed claims of equitable estoppel against state agencies. Our rule was most recently summarized in *Universal Equipment v. State*, 839 P.2d 967, 976 (Wyo.1992), where we said:

> To support its claim of equitable estoppel against the DEQ, Appellant relies upon this Court's statement in *Seaman v. Big Horn Canal Association*, 29 Wyo. 391, 398, 213 P. 938 (1923): "[O]ne who by his acts or representations intentionally or through culpable negligence induces another to believe certain facts to exist, and the latter, not knowing the facts, acts on such belief to his substantial prejudice, the former is, in equity, estopped to deny the existence of such fact." In more recent cases, we have said that equitable estoppel requires some misrepresentation and is generally applied to prevent fraud, either constructive or actual. *B & W Glass, Inc. v. Weather Shield Mfg., Inc.*, 829 P.2d 809, 813 (Wyo. 1992); *Squaw Mountain Cattle Company v. Bowen*, 804 P.2d 1292, 1297 (Wyo.1991). Equitable estoppel against a governmental agency requires even more egregious conduct.
>
> > Equitable estoppel should not be invoked against a government or public agency functioning in its governmental capacity, except in rare and unusual circumstances and may not be invoked where it would serve to defeat the effective operation of a policy adopted to protect the public.
>
> *Big Piney Oil & Gas Company v. Wyoming Oil and Gas Conservation Commission*, 715 P.2d 557, 560 (Wyo.1986), *quoted in State ex rel. Wyoming Workers' Compensation Division v. Rivera*, 796 P.2d

447, 450 (Wyo.1990), *and in Sare v. Sheridan County Board of County Commissioners,* 784 P.2d, 593, 595 (Wyo.1989).

Earlier in *State Highway Com'n of Wyoming v. Sheridan–Johnson Rural Electrification Ass'n,* 784 P.2d 588, 592 (Wyo.1989), we stated the proposition in this way:

> [Equitable] Estoppel does not apply to governmental or sovereign functions, especially where it would defeat the public interest. *Big Piney Oil & Gas v. Wyoming Oil and Gas Conservation Commission,* 715 P.2d 557, 560 (Wyo.1986). Second, the state may not be estopped for the unauthorized acts or errors of its officers or employees. *State ex rel. Cartwright v. Tidmore,* 674 P.2d 14, 17 (Okl.1983). *See also Big Piney Oil & Gas,* 715 P.2d at 560.

■ Griess has not demonstrated any of the special facts that might entitle him to claim equitable estoppel. The record does not encompass any indication that Griess was induced by the Division to believe that certain facts existed or that he acted on that belief to his prejudice. Nothing is present to demonstrate misrepresentation or fraud, either actual or constructive. There is no egregious conduct nor any rare and unusual circumstance that would justify an exception to the rule. Furthermore, equitable estoppel, if applied in this instance, would defeat the application of a policy adopted to protect the public.

Griess complains that time limits placed on citizens are mandatory while those placed on governmental agencies are directive. We agree, however, with the decision in *Shaball v. State Compensation Ins. Authority,* 799 P.2d 399 (Colo.Ct.App.1990), which held that the state personnel board did not lose jurisdiction when the hearing officer failed to issue a decision within the 45–days specified by the statute. The court pointed out that generally a provision requiring a decision within a definite time has been considered directory and that absolute time periods for administrative action often are considered guides for the conduct of business. Such a provision is to be regarded as directory unless time is of the essence or the statute contains negative language denying the exercise of authority after the expiration of the statutory period.

■ We hold that the twenty-day response period found in WYO. STAT. § 6–8–104(m)(ii) is directory and not mandatory. The statute does not provide that time is of the essence and contains no language that would negate the exercise of authority after the prescribed time period. The record contains no evidence serving to demonstrate that the delay in rendering the decision on Griess' request for reconsideration prejudiced either his personal rights or any public interest. Furthermore, although the Division does not so argue, the record is silent as to whether the response was uttered within twenty days after the result of the reconsideration. A response made within twenty days after the Division's decision on reconsideration would comply with the literal language of the statute. Whether or not the Division responded within twenty days, Griess is not entitled to the permit.

The denial by the Division of Griess' application for a concealed firearm permit was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." The single incident involving his threatened suicide with a firearm is a reasonable ground to deny the application under WYO. STAT. § 6–8–104(g) and (m)(ii). The twenty-day period requiring the Division to inform Griess of its final decision to deny the permit is directory and not mandatory. We affirm the decision of the district court that affirmed the denial of the permit by the Division.